**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DANA HALL,                          )
                                    )
            Appellant,              )
                                    )
        v.                          )        No. 04 C 6240
                                    )
KMART CORPORATION,                  )
                                    )
            Appellee.               )


### MEMORANDUM OPINION

This case is before us on appeal from Bankruptcy Judge Sonderby's order of August 11, 2004, which denied Dana Hall's motion to file a late administrative expense claim in the bankruptcy reorganization of Kmart Corporation ("Kmart"). For the reasons explained below, the bankruptcy court's order is affirmed.

### BACKGROUND

On January 22, 2002, appellee Kmart filed a voluntary petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code. On May 22, 2002, appellant Dana Hall was shopping at a San Diego Kmart store and allegedly suffered severe injury to her left foot when a pile of paint cans fell on it. Hall's counsel, Norton & Norton LLP (the "Norton Firm"), notified Kmart in August 2002 that it was representing Hall in connection with the incident. On May 9, 2003, Hall filed a personal injury suit against Kmart in California state court.

The deadline for filing administrative claims in the Kmart bankruptcy proceeding (the "bar date") was June 20, 2003. On May 9, 2003, Kmart mailed a notice to the Norton Firm informing Hall of the bar date. The notice was mailed to the correct address for the Norton Firm, but it omitted the ZIP Code. On May 19, 2003, Kmart mailed a second copy of the notice to Hall's counsel at the same address, along with a blank proof of administrative expense claim form. Neither of the mailings were returned to Kmart as "undeliverable." The Norton Firm, however, denies receiving either mailing.

On June 10, 2003, Alexandra Wilcox, Kmart's personal injury defense counsel, called Marshall Rosenbach, Hall's counsel at the Norton Firm, and left a voice-mail message regarding the personal injury action, the Kmart bankruptcy, and the filing of documents with the bankruptcy court. Whether Wilcox and Rosenbach had a conversation that day concerning the bar date is in dispute, as described <u>infra</u> in our discussion. Rosenbach faxed Wilson a letter at 5:15 p.m. that same day, the pertinent content of which is also set forth <u>infra</u>.

After June 10, the parties proceeded with the personal injury action and ultimately transferred venue to San Diego. On August 26, 2003, Rosenbach received a letter from Wilcox advising him that Hall's claim was time-barred. The letter also stated: "On June 10, 2003, while we were discussing the transfer of this case from Los

Angeles to San Diego, we called to remind you to file the administrative expense claim form." The Norton Firm claims that this was their first notification of the bar date. According to Wilcox, she advised Rosenbach in early September 2003 that he should consult Kmart's bankruptcy counsel to proceed with the matter in bankruptcy court.

Some months later, on December 22, 2003, the Norton Firm filed a "Motion of Claimant Dana Hall Seeking Authority to File Late Administrative Expense Claim." On March 10, 2004, the bankruptcy court heard oral argument and testimony on Hall's motion and reserved ruling. On August 11, 2004, the bankruptcy court entered a memorandum opinion and a separate order denying Hall's motion. Hall now appeals.

## DISCUSSION

The bankruptcy court's refusal to allow Hall to file a late administrative expense claim is reviewed for an abuse of discretion. See In re Kmart Corp., 381 F.3d 709, 712 (7th Cir. 2004). "In general terms, a court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." Id. at 713. We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. See In re Smith, 286 F.3d 461, 464-65 (7th Cir. 2002); Fed. R. Bankr. P. 8013. "[D]ue regard

shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013.

We begin with the applicable general principles. "[J]ustice does not <u>require</u> amendment, and indeed rarely <u>permits</u> amendment, once the last date for filing claims has passed. 'Late-filed claims, especially in the bankruptcy context, disrupt orderly discharge and should generally be barred.'" <u>In re Plunkett</u>, 82 F.3d 738, 741 (7th Cir. 1996) (quoting <u>In re Unroe</u>, 937 F.2d 346, 351 (7th Cir. 1991)).

Under Federal Rule of Bankruptcy Procedure 9006(b), a bankruptcy court may, in its discretion, allow a late-filed proof of claim if the late filing was the result of "excusable neglect." <u>See</u> <u>Kmart</u>, 381 F.3d at 713. There are four general factors to guide the court's excusable neglect analysis: the danger of prejudice to the debtor; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and the good faith of the movant. <u>See</u> <u>id.</u> (citing <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993)). "One ancillary rule is that inattentiveness to the litigation is not excusable." <u>Plunkett</u>, 82 F.3d at 742.

Judge Sonderby's detailed analysis focused primarily on the reason for the delay--the purported lack of notice--and the length of the delay. The bankruptcy court held that, even assuming that

Hall otherwise acted in good faith and that Kmart would not be prejudiced, Hall's counsel's neglect was not excusable. Hall argues that the bankruptcy court abused its discretion by: (1) finding that the presumption of receipt of the notices had not been rebutted; (2) finding that appellant had received notice of the bar date on June 10, 2003; (3) allowing the telephonic testimony of Wilcox and in "giving greater weight and credibility" to her testimony; (4) holding that 10 days' notice was sufficient; and (5) finding that there was delay in filing the motion. Hall also contends that Kmart should have been estopped from opposing Hall's motion because Kmart "vigorously litigated" the underlying state court action. We will examine each argument in turn.

Mail that is properly addressed, stamped, and deposited in the mail system is presumed to have reached its destination in the usual time and to have been received by the party to whom it was addressed, see <u>Hagner v. United States</u>, 285 U.S. 427, 430 (1932). The bankruptcy court correctly noted that the presumption arises even if a ZIP Code has been omitted from the otherwise correct address, see <u>In re Longardner & Assocs., Inc.</u>, 855 F.2d 455, 460 (7th Cir. 1988). Such an omission weakens the presumption, but the presumption is strengthened again where a mailing is never returned as "undeliverable." <u>See</u> <u>id.</u> at 460. Moreover, a simple denial of receipt does not rebut the presumption, but merely creates a question of fact. <u>See</u> <u>id.</u> at 459.

The bankruptcy court considered the affidavit of Kmart's noticing agent, who stated that notices were mailed to the Norton Firm on May 9 and May 19, 2003 and that neither mailing was returned as "undeliverable." The court also considered the affidavit and testimony of Hall's counsel, Rosenbach, and the telephonic testimony of Kmart's counsel, Wilcox. According to Rosenbach, the Norton Firm did not receive either of the bar date notices that were mailed by Kmart in May 2003. Rosenbach conceded that Wilcox left him a voice-mail message on June 10, 2003, regarding an unspecified filing in relation to Kmart's bankruptcy, but stated that he never had a discussion with Wilcox that day concerning the bar date.

Wilcox, on the other hand, testified that she spoke with Rosenbach the afternoon of June 10 and discussed the bankruptcy filing with him, as well as the administrative expense claim form. She recalled that Rosenbach had asked her what the form looked like and that she responded that she was not bankruptcy counsel so she did not know, but that he should "make sure" to look for it. According to Wilcox, Rosenbach stated that his boss, Todd Norton, might have it on his desk somewhere.

Rosenbach contended (and Hall contends on appeal) that his June 10 fax at 5:15 pm to Wilcox corroborated his argument that the notices had not been received because he would not have sent it if he had known about the bar date. The fax stated in pertinent part:

"This letter confirms our conversation of earlier today regarding changing venue to San Diego. . . . I also received your voice mail this afternoon regarding an additional filing that we had to file in light of KMart's bankruptcy filing." (Appellee's Br., Ex. F.) Wilcox testified that she did not respond to the fax because she had assumed it was written prior to their conversation but not faxed until afterward.

The bankruptcy court observed that although Rosenbach claimed that the June 10 discussion with Wilcox never took place, Hall's motion curiously contained the following inconsistent statements: "This Motion . . . is based upon the grounds that HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; ". . . HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; and "HALL was not notified of the administrative expense bar date until ten (10) days prior to the expiration thereof." (Appellee's Br., Ex. B, Motion Seeking Authority to File Late Administrative Expense Claim at 2, 6, 8.) When the court asked Rosenbach about the inconsistency between these statements and his contention that the June 10 conversation never took place, Rosenbach responded that the statements in the motion were "really an alternative argument." (Appellee's Br., Ex. E, Tr. at 15.)

The bankruptcy court concluded that Rosenbach's simple denial of receipt did not rebut the presumption that the notices had been received. Regarding the June 10 fax, the court stated: "The letter does not . . . provide . . . corroboration [that the Notices had not been received]; it merely indicates that Rosenbach (when he wrote the letter) was unaware of the Notice. Indeed, when Rosenbach spoke to Wilcox, he acknowledged that his boss, Todd, might have it 'on his desk somewhere.' . . . Rosenbach may even have seen the Notice, but ignored it, thinking that it did not apply to Hall's claim." (Memorandum Opinion at 7-8.) We find no error in the bankruptcy court's conclusion, and Hall simply gives us no reason why we should do so.

The bankruptcy court could have stopped there and relied on the presumption of notice,[1] but it also found that Rosenbach himself was specifically advised by Wilcox on June 10, 2003 that the administrative expense claim form had to be filed by June 20, 2003. In the court's view, ten days were "more than sufficient" to allow the Norton form to timely file the claim form. The court found Wilcox's testimony persuasive, as well as the admissions in Hall's motion that notice had been received on June 10, which according to the court were "not adequately explained as an 'alternative argument.'" (Memorandum Opinion at 8.)

_____

[1] We could stop here as well, but we find no error in the bankruptcy court's alternative holding either, as set forth _infra_.

Again, we discern no error in the bankruptcy court's conclusion. Wilcox testified that on June 10, she discussed with Rosenberg "the bankruptcy filing and AEC [administrative expense claim] form and date." (Appellee's Br., Ex. E, Tr. at 24-25.) Hall argues that the court's finding was erroneous because Wilcox's shorthand notes of certain conversations with Rosenberg did not mention that she had "given oral notice of the bar date." We are unpersuaded. Wilcox's notes were shorthand and incomplete, and she was able to indpendently recall many of the details of her conversation(s) with Rosenberg. The bankruptcy court, often asking questions herself, heard detailed testimony from Wilcox and Rosenberg. The court determined that Wilcox was credible, and Hall offers us no reason to believe otherwise.

We also reject Hall's argument that the bankruptcy court should not have allowed Wilcox, who was out of state, to testify by telephone. Hall's counsel did not object to the telephonic testimony at the hearing, and the argument therefore has been waived. Hall also failed to raise before the bankruptcy court the argument that Kmart is estopped from opposing Hall's motion; thus, it has been waived as well.

Hall's final argument is that ten days' notice of the bar date (from the June 10 conversation to the June 20, 2003 bar date) was insufficient because she was entitled to twenty days under Federal Rule of Bankruptcy Procedure 2002. Rule 2002, however,

prescribes a twenty-day notice for <u>mailing</u>, among other things, notice of the time for filing proofs of claims.  The Rule does not apply to oral notice, and Hall does not cite any authority for extending it to the instant situation.  In any event, the bankruptcy court's holding regarding notice on June 10 was an alternative holding.  Its primary holding, which was not erroneous, was that Hall's counsel failed to rebut the presumption that it had received the notices that were mailed in May 2003, which was more than twenty days before the bar date.

After weighing all the evidence, the bankruptcy court found that Hall had failed to rebut the presumption that she received (through counsel) the two notices of the bar date mailed in May 2003, as well as oral notice in June 2003.  The motion to file a late claim was not filed until December 22, 2003, over six months after the June 10 conversation.  The court found Hall's counsel's reasons for the delay--he had made numerous unsuccessful attempts to contact Kmart's bankruptcy counsel and had spent "several weeks" researching the underlying issues--to be inadequate explanations. We find no error in this conclusion.  Six months is a lengthy delay, and neither consultation with Kmart's counsel nor extensive research was necessary for Hall's counsel to file a motion seeking leave to file a late proof of claim.

We believe that the bankruptcy court's findings and analysis regarding Hall's motion to file a late adminstrative expense claim

were correct; there was no excusable neglect.  The court did not abuse its discretion in refusing to allow a late-filed claim.

### CONCLUSION

For the foregoing reasons, the bankruptcy court's order of August 11, 2004, denying the motion of Dana Hall seeking leave to file a late administrative expense claim is affirmed.


DATE:     August 25, 2005


ENTER:     _____

John F. Grady, United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DANA HALL,                          )
                                    )
            Appellant,              )
                                    )
      v.                            )      No. 04 C 6240
                                    )
KMART CORPORATION,                  )
                                    )
            Appellee.               )


## MEMORANDUM OPINION

This case is before us on appeal from Bankruptcy Judge Sonderby's order of August 11, 2004, which denied Dana Hall's motion to file a late administrative expense claim in the bankruptcy reorganization of Kmart Corporation ("Kmart"). For the reasons explained below, the bankruptcy court's order is affirmed.

## BACKGROUND

On January 22, 2002, appellee Kmart filed a voluntary petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code. On May 22, 2002, appellant Dana Hall was shopping at a San Diego Kmart store and allegedly suffered severe injury to her left foot when a pile of paint cans fell on it. Hall's counsel, Norton & Norton LLP (the "Norton Firm"), notified Kmart in August 2002 that it was representing Hall in connection with the incident. On May 9, 2003, Hall filed a personal injury suit against Kmart in California state court.

The deadline for filing administrative claims in the Kmart bankruptcy proceeding (the "bar date") was June 20, 2003. On May 9, 2003, Kmart mailed a notice to the Norton Firm informing Hall of the bar date. The notice was mailed to the correct address for the Norton Firm, but it omitted the ZIP Code. On May 19, 2003, Kmart mailed a second copy of the notice to Hall's counsel at the same address, along with a blank proof of administrative expense claim form. Neither of the mailings were returned to Kmart as "undeliverable." The Norton Firm, however, denies receiving either mailing.

On June 10, 2003, Alexandra Wilcox, Kmart's personal injury defense counsel, called Marshall Rosenbach, Hall's counsel at the Norton Firm, and left a voice-mail message regarding the personal injury action, the Kmart bankruptcy, and the filing of documents with the bankruptcy court. Whether Wilcox and Rosenbach had a conversation that day concerning the bar date is in dispute, as described <u>infra</u> in our discussion. Rosenbach faxed Wilson a letter at 5:15 p.m. that same day, the pertinent content of which is also set forth <u>infra</u>.

After June 10, the parties proceeded with the personal injury action and ultimately transferred venue to San Diego. On August 26, 2003, Rosenbach received a letter from Wilcox advising him that Hall's claim was time-barred. The letter also stated: "On June 10, 2003, while we were discussing the transfer of this case from Los

Angeles to San Diego, we called to remind you to file the administrative expense claim form."  The Norton Firm claims that this was their first notification of the bar date.  According to Wilcox, she advised Rosenbach in early September 2003 that he should consult Kmart's bankruptcy counsel to proceed with the matter in bankruptcy court.

Some months later, on December 22, 2003, the Norton Firm filed a "Motion of Claimant Dana Hall Seeking Authority to File Late Administrative Expense Claim."  On March 10, 2004, the bankruptcy court heard oral argument and testimony on Hall's motion and reserved ruling.  On August 11, 2004, the bankruptcy court entered a memorandum opinion and a separate order denying Hall's motion. Hall now appeals.

## DISCUSSION

The bankruptcy court's refusal to allow Hall to file a late administrative expense claim is reviewed for an abuse of discretion.  See In re Kmart Corp., 381 F.3d 709, 712 (7th Cir. 2004).  "In general terms, a court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied."  Id. at 713.  We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo.  See In re Smith, 286 F.3d 461, 464-65 (7th Cir. 2002); Fed. R. Bankr. P. 8013.  "[D]ue regard

shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."  Fed. R. Bankr. P. 8013.

We begin with the applicable general principles.  "[J]ustice does not <u>require</u> amendment, and indeed rarely <u>permits</u> amendment, once the last date for filing claims has passed.  'Late-filed claims, especially in the bankruptcy context, disrupt orderly discharge and should generally be barred.'"  <u>In re Plunkett</u>, 82 F.3d 738, 741 (7th Cir. 1996) (quoting <u>In re Unroe</u>, 937 F.2d 346, 351 (7th Cir. 1991)).

Under Federal Rule of Bankruptcy Procedure 9006(b), a bankruptcy court may, in its discretion, allow a late-filed proof of claim if the late filing was the result of "excusable neglect." <u>See</u> <u>Kmart</u>, 381 F.3d at 713.  There are four general factors to guide the court's excusable neglect analysis: the danger of prejudice to the debtor; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and the good faith of the movant.  <u>See</u> <u>id.</u> (citing <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993)).  "One ancillary rule is that inattentiveness to the litigation is not excusable."  <u>Plunkett</u>, 82 F.3d at 742.

Judge Sonderby's detailed analysis focused primarily on the reason for the delay--the purported lack of notice--and the length of the delay.  The bankruptcy court held that, even assuming that

Hall otherwise acted in good faith and that Kmart would not be prejudiced, Hall's counsel's neglect was not excusable. Hall argues that the bankruptcy court abused its discretion by: (1) finding that the presumption of receipt of the notices had not been rebutted; (2) finding that appellant had received notice of the bar date on June 10, 2003; (3) allowing the telephonic testimony of Wilcox and in "giving greater weight and credibility" to her testimony; (4) holding that 10 days' notice was sufficient; and (5) finding that there was delay in filing the motion. Hall also contends that Kmart should have been estopped from opposing Hall's motion because Kmart "vigorously litigated" the underlying state court action. We will examine each argument in turn.

Mail that is properly addressed, stamped, and deposited in the mail system is presumed to have reached its destination in the usual time and to have been received by the party to whom it was addressed, see <u>Hagner v. United States</u>, 285 U.S. 427, 430 (1932). The bankruptcy court correctly noted that the presumption arises even if a ZIP Code has been omitted from the otherwise correct address, see <u>In re Longardner & Assocs., Inc.</u>, 855 F.2d 455, 460 (7th Cir. 1988). Such an omission weakens the presumption, but the presumption is strengthened again where a mailing is never returned as "undeliverable." <u>See</u> <u>id.</u> at 460. Moreover, a simple denial of receipt does not rebut the presumption, but merely creates a question of fact. <u>See</u> <u>id.</u> at 459.

The bankruptcy court considered the affidavit of Kmart's noticing agent, who stated that notices were mailed to the Norton Firm on May 9 and May 19, 2003 and that neither mailing was returned as "undeliverable." The court also considered the affidavit and testimony of Hall's counsel, Rosenbach, and the telephonic testimony of Kmart's counsel, Wilcox. According to Rosenbach, the Norton Firm did not receive either of the bar date notices that were mailed by Kmart in May 2003. Rosenbach conceded that Wilcox left him a voice-mail message on June 10, 2003, regarding an unspecified filing in relation to Kmart's bankruptcy, but stated that he never had a discussion with Wilcox that day concerning the bar date.

Wilcox, on the other hand, testified that she spoke with Rosenbach the afternoon of June 10 and discussed the bankruptcy filing with him, as well as the administrative expense claim form. She recalled that Rosenbach had asked her what the form looked like and that she responded that she was not bankruptcy counsel so she did not know, but that he should "make sure" to look for it. According to Wilcox, Rosenbach stated that his boss, Todd Norton, might have it on his desk somewhere.

Rosenbach contended (and Hall contends on appeal) that his June 10 fax at 5:15 pm to Wilcox corroborated his argument that the notices had not been received because he would not have sent it if he had known about the bar date. The fax stated in pertinent part:

"This letter confirms our conversation of earlier today regarding changing venue to San Diego. . . . I also received your voice mail this afternoon regarding an additional filing that we had to file in light of KMart's bankruptcy filing." (Appellee's Br., Ex. F.) Wilcox testified that she did not respond to the fax because she had assumed it was written prior to their conversation but not faxed until afterward.

The bankruptcy court observed that although Rosenbach claimed that the June 10 discussion with Wilcox never took place, Hall's motion curiously contained the following inconsistent statements: "This Motion . . . is based upon the grounds that HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; ". . . HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; and "HALL was not notified of the administrative expense bar date until ten (10) days prior to the expiration thereof." (Appellee's Br., Ex. B, Motion Seeking Authority to File Late Administrative Expense Claim at 2, 6, 8.) When the court asked Rosenbach about the inconsistency between these statements and his contention that the June 10 conversation never took place, Rosenbach responded that the statements in the motion were "really an alternative argument." (Appellee's Br., Ex. E, Tr. at 15.)

The bankruptcy court concluded that Rosenbach's simple denial of receipt did not rebut the presumption that the notices had been received. Regarding the June 10 fax, the court stated: "The letter does not . . . provide . . . corroboration [that the Notices had not been received]; it merely indicates that Rosenbach (when he wrote the letter) was unaware of the Notice. Indeed, when Rosenbach spoke to Wilcox, he acknowledged that his boss, Todd, might have it 'on his desk somewhere.' . . . Rosenbach may even have seen the Notice, but ignored it, thinking that it did not apply to Hall's claim." (Memorandum Opinion at 7-8.) We find no error in the bankruptcy court's conclusion, and Hall simply gives us no reason why we should do so.

The bankruptcy court could have stopped there and relied on the presumption of notice,[1] but it also found that Rosenbach himself was specifically advised by Wilcox on June 10, 2003 that the administrative expense claim form had to be filed by June 20, 2003. In the court's view, ten days were "more than sufficient" to allow the Norton form to timely file the claim form. The court found Wilcox's testimony persuasive, as well as the admissions in Hall's motion that notice had been received on June 10, which according to the court were "not adequately explained as an 'alternative argument.'" (Memorandum Opinion at 8.)

---

[1]/ We could stop here as well, but we find no error in the bankruptcy court's alternative holding either, as set forth _infra_.

Again, we discern no error in the bankruptcy court's conclusion. Wilcox testified that on June 10, she discussed with Rosenberg "the bankruptcy filing and AEC [administrative expense claim] form and date." (Appellee's Br., Ex. E, Tr. at 24-25.) Hall argues that the court's finding was erroneous because Wilcox's shorthand notes of certain conversations with Rosenberg did not mention that she had "given oral notice of the bar date." We are unpersuaded. Wilcox's notes were shorthand and incomplete, and she was able to indpendently recall many of the details of her conversation(s) with Rosenberg. The bankruptcy court, often asking questions herself, heard detailed testimony from Wilcox and Rosenberg. The court determined that Wilcox was credible, and Hall offers us no reason to believe otherwise.

We also reject Hall's argument that the bankruptcy court should not have allowed Wilcox, who was out of state, to testify by telephone. Hall's counsel did not object to the telephonic testimony at the hearing, and the argument therefore has been waived. Hall also failed to raise before the bankruptcy court the argument that Kmart is estopped from opposing Hall's motion; thus, it has been waived as well.

Hall's final argument is that ten days' notice of the bar date (from the June 10 conversation to the June 20, 2003 bar date) was insufficient because she was entitled to twenty days under Federal Rule of Bankruptcy Procedure 2002. Rule 2002, however,

prescribes a twenty-day notice for <u>mailing</u>, among other things, notice of the time for filing proofs of claims. The Rule does not apply to oral notice, and Hall does not cite any authority for extending it to the instant situation. In any event, the bankruptcy court's holding regarding notice on June 10 was an alternative holding. Its primary holding, which was not erroneous, was that Hall's counsel failed to rebut the presumption that it had received the notices that were mailed in May 2003, which was more than twenty days before the bar date.

After weighing all the evidence, the bankruptcy court found that Hall had failed to rebut the presumption that she received (through counsel) the two notices of the bar date mailed in May 2003, as well as oral notice in June 2003. The motion to file a late claim was not filed until December 22, 2003, over six months after the June 10 conversation. The court found Hall's counsel's reasons for the delay--he had made numerous unsuccessful attempts to contact Kmart's bankruptcy counsel and had spent "several weeks" researching the underlying issues--to be inadequate explanations. We find no error in this conclusion. Six months is a lengthy delay, and neither consultation with Kmart's counsel nor extensive research was necessary for Hall's counsel to file a motion seeking leave to file a late proof of claim.

We believe that the bankruptcy court's findings and analysis regarding Hall's motion to file a late adminstrative expense claim

were correct; there was no excusable neglect.  The court did not abuse its discretion in refusing to allow a late-filed claim.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's order of August 11, 2004, denying the motion of Dana Hall seeking leave to file a late administrative expense claim is affirmed.


DATE:     August 25, 2005



ENTER:    _____

John F. Grady, United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DANA HALL,                          )
                                    )
          Appellant,                )
                                    )
          v.                        )          No. 04 C 6240
                                    )
KMART CORPORATION,                  )
                                    )
          Appellee.                 )


## MEMORANDUM OPINION

This case is before us on appeal from Bankruptcy Judge Sonderby's order of August 11, 2004, which denied Dana Hall's motion to file a late administrative expense claim in the bankruptcy reorganization of Kmart Corporation ("Kmart"). For the reasons explained below, the bankruptcy court's order is affirmed.

## BACKGROUND

On January 22, 2002, appellee Kmart filed a voluntary petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code. On May 22, 2002, appellant Dana Hall was shopping at a San Diego Kmart store and allegedly suffered severe injury to her left foot when a pile of paint cans fell on it. Hall's counsel, Norton & Norton LLP (the "Norton Firm"), notified Kmart in August 2002 that it was representing Hall in connection with the incident. On May 9, 2003, Hall filed a personal injury suit against Kmart in California state court.

The deadline for filing administrative claims in the Kmart bankruptcy proceeding (the "bar date") was June 20, 2003. On May 9, 2003, Kmart mailed a notice to the Norton Firm informing Hall of the bar date. The notice was mailed to the correct address for the Norton Firm, but it omitted the ZIP Code. On May 19, 2003, Kmart mailed a second copy of the notice to Hall's counsel at the same address, along with a blank proof of administrative expense claim form. Neither of the mailings were returned to Kmart as "undeliverable." The Norton Firm, however, denies receiving either mailing.

On June 10, 2003, Alexandra Wilcox, Kmart's personal injury defense counsel, called Marshall Rosenbach, Hall's counsel at the Norton Firm, and left a voice-mail message regarding the personal injury action, the Kmart bankruptcy, and the filing of documents with the bankruptcy court. Whether Wilcox and Rosenbach had a conversation that day concerning the bar date is in dispute, as described <u>infra</u> in our discussion. Rosenbach faxed Wilson a letter at 5:15 p.m. that same day, the pertinent content of which is also set forth <u>infra</u>.

After June 10, the parties proceeded with the personal injury action and ultimately transferred venue to San Diego. On August 26, 2003, Rosenbach received a letter from Wilcox advising him that Hall's claim was time-barred. The letter also stated: "On June 10, 2003, while we were discussing the transfer of this case from Los

Angeles to San Diego, we called to remind you to file the administrative expense claim form."  The Norton Firm claims that this was their first notification of the bar date.  According to Wilcox, she advised Rosenbach in early September 2003 that he should consult Kmart's bankruptcy counsel to proceed with the matter in bankruptcy court.

Some months later, on December 22, 2003, the Norton Firm filed a "Motion of Claimant Dana Hall Seeking Authority to File Late Administrative Expense Claim."  On March 10, 2004, the bankruptcy court heard oral argument and testimony on Hall's motion and reserved ruling.  On August 11, 2004, the bankruptcy court entered a memorandum opinion and a separate order denying Hall's motion.  Hall now appeals.

## DISCUSSION

The bankruptcy court's refusal to allow Hall to file a late administrative expense claim is reviewed for an abuse of discretion.  See In re Kmart Corp., 381 F.3d 709, 712 (7th Cir. 2004).  "In general terms, a court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied."  Id. at 713.  We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo.  See In re Smith, 286 F.3d 461, 464-65 (7th Cir. 2002); Fed. R. Bankr. P. 8013.  "[D]ue regard

shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013.

We begin with the applicable general principles. "[J]ustice does not <u>require</u> amendment, and indeed rarely <u>permits</u> amendment, once the last date for filing claims has passed. 'Late-filed claims, especially in the bankruptcy context, disrupt orderly discharge and should generally be barred.'" <u>In re Plunkett</u>, 82 F.3d 738, 741 (7th Cir. 1996) (quoting <u>In re Unroe</u>, 937 F.2d 346, 351 (7th Cir. 1991)).

Under Federal Rule of Bankruptcy Procedure 9006(b), a bankruptcy court may, in its discretion, allow a late-filed proof of claim if the late filing was the result of "excusable neglect." <u>See</u> <u>Kmart</u>, 381 F.3d at 713. There are four general factors to guide the court's excusable neglect analysis: the danger of prejudice to the debtor; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and the good faith of the movant. <u>See</u> <u>id.</u> (citing <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993)). "One ancillary rule is that inattentiveness to the litigation is not excusable." <u>Plunkett</u>, 82 F.3d at 742.

Judge Sonderby's detailed analysis focused primarily on the reason for the delay--the purported lack of notice--and the length of the delay. The bankruptcy court held that, even assuming that

Hall otherwise acted in good faith and that Kmart would not be prejudiced, Hall's counsel's neglect was not excusable. Hall argues that the bankruptcy court abused its discretion by: (1) finding that the presumption of receipt of the notices had not been rebutted; (2) finding that appellant had received notice of the bar date on June 10, 2003; (3) allowing the telephonic testimony of Wilcox and in "giving greater weight and credibility" to her testimony; (4) holding that 10 days' notice was sufficient; and (5) finding that there was delay in filing the motion. Hall also contends that Kmart should have been estopped from opposing Hall's motion because Kmart "vigorously litigated" the underlying state court action. We will examine each argument in turn.

Mail that is properly addressed, stamped, and deposited in the mail system is presumed to have reached its destination in the usual time and to have been received by the party to whom it was addressed, see <u>Hagner v. United States</u>, 285 U.S. 427, 430 (1932). The bankruptcy court correctly noted that the presumption arises even if a ZIP Code has been omitted from the otherwise correct address, see <u>In re Longardner & Assocs., Inc.</u>, 855 F.2d 455, 460 (7th Cir. 1988). Such an omission weakens the presumption, but the presumption is strengthened again where a mailing is never returned as "undeliverable." <u>See</u> <u>id.</u> at 460. Moreover, a simple denial of receipt does not rebut the presumption, but merely creates a question of fact. <u>See</u> <u>id.</u> at 459.

The bankruptcy court considered the affidavit of Kmart's noticing agent, who stated that notices were mailed to the Norton Firm on May 9 and May 19, 2003 and that neither mailing was returned as "undeliverable." The court also considered the affidavit and testimony of Hall's counsel, Rosenbach, and the telephonic testimony of Kmart's counsel, Wilcox. According to Rosenbach, the Norton Firm did not receive either of the bar date notices that were mailed by Kmart in May 2003. Rosenbach conceded that Wilcox left him a voice-mail message on June 10, 2003, regarding an unspecified filing in relation to Kmart's bankruptcy, but stated that he never had a discussion with Wilcox that day concerning the bar date.

Wilcox, on the other hand, testified that she spoke with Rosenbach the afternoon of June 10 and discussed the bankruptcy filing with him, as well as the administrative expense claim form. She recalled that Rosenbach had asked her what the form looked like and that she responded that she was not bankruptcy counsel so she did not know, but that he should "make sure" to look for it. According to Wilcox, Rosenbach stated that his boss, Todd Norton, might have it on his desk somewhere.

Rosenbach contended (and Hall contends on appeal) that his June 10 fax at 5:15 pm to Wilcox corroborated his argument that the notices had not been received because he would not have sent it if he had known about the bar date. The fax stated in pertinent part:

"This letter confirms our conversation of earlier today regarding changing venue to San Diego. . . . I also received your voice mail this afternoon regarding an additional filing that we had to file in light of KMart's bankruptcy filing." (Appellee's Br., Ex. F.) Wilcox testified that she did not respond to the fax because she had assumed it was written prior to their conversation but not faxed until afterward.

The bankruptcy court observed that although Rosenbach claimed that the June 10 discussion with Wilcox never took place, Hall's motion curiously contained the following inconsistent statements: "This Motion . . . is based upon the grounds that HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; ". . . HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; and "HALL was not notified of the administrative expense bar date until ten (10) days prior to the expiration thereof." (Appellee's Br., Ex. B, Motion Seeking Authority to File Late Administrative Expense Claim at 2, 6, 8.) When the court asked Rosenbach about the inconsistency between these statements and his contention that the June 10 conversation never took place, Rosenbach responded that the statements in the motion were "really an alternative argument." (Appellee's Br., Ex. E, Tr. at 15.)

The bankruptcy court concluded that Rosenbach's simple denial of receipt did not rebut the presumption that the notices had been received. Regarding the June 10 fax, the court stated: "The letter does not . . . provide . . . corroboration [that the Notices had not been received]; it merely indicates that Rosenbach (when he wrote the letter) was unaware of the Notice. Indeed, when Rosenbach spoke to Wilcox, he acknowledged that his boss, Todd, might have it 'on his desk somewhere.' . . . Rosenbach may even have seen the Notice, but ignored it, thinking that it did not apply to Hall's claim." (Memorandum Opinion at 7-8.) We find no error in the bankruptcy court's conclusion, and Hall simply gives us no reason why we should do so.

The bankruptcy court could have stopped there and relied on the presumption of notice,[1] but it also found that Rosenbach himself was specifically advised by Wilcox on June 10, 2003 that the administrative expense claim form had to be filed by June 20, 2003. In the court's view, ten days were "more than sufficient" to allow the Norton form to timely file the claim form. The court found Wilcox's testimony persuasive, as well as the admissions in Hall's motion that notice had been received on June 10, which according to the court were "not adequately explained as an 'alternative argument.'" (Memorandum Opinion at 8.)

---

[1] We could stop here as well, but we find no error in the bankruptcy court's alternative holding either, as set forth _infra_.

Again, we discern no error in the bankruptcy court's conclusion. Wilcox testified that on June 10, she discussed with Rosenberg "the bankruptcy filing and AEC [administrative expense claim] form and date." (Appellee's Br., Ex. E, Tr. at 24-25.) Hall argues that the court's finding was erroneous because Wilcox's shorthand notes of certain conversations with Rosenberg did not mention that she had "given oral notice of the bar date." We are unpersuaded. Wilcox's notes were shorthand and incomplete, and she was able to indpendently recall many of the details of her conversation(s) with Rosenberg. The bankruptcy court, often asking questions herself, heard detailed testimony from Wilcox and Rosenberg. The court determined that Wilcox was credible, and Hall offers us no reason to believe otherwise.

We also reject Hall's argument that the bankruptcy court should not have allowed Wilcox, who was out of state, to testify by telephone. Hall's counsel did not object to the telephonic testimony at the hearing, and the argument therefore has been waived. Hall also failed to raise before the bankruptcy court the argument that Kmart is estopped from opposing Hall's motion; thus, it has been waived as well.

Hall's final argument is that ten days' notice of the bar date (from the June 10 conversation to the June 20, 2003 bar date) was insufficient because she was entitled to twenty days under Federal Rule of Bankruptcy Procedure 2002. Rule 2002, however,

prescribes a twenty-day notice for <u>mailing</u>, among other things, notice of the time for filing proofs of claims. The Rule does not apply to oral notice, and Hall does not cite any authority for extending it to the instant situation. In any event, the bankruptcy court's holding regarding notice on June 10 was an alternative holding. Its primary holding, which was not erroneous, was that Hall's counsel failed to rebut the presumption that it had received the notices that were mailed in May 2003, which was more than twenty days before the bar date.

After weighing all the evidence, the bankruptcy court found that Hall had failed to rebut the presumption that she received (through counsel) the two notices of the bar date mailed in May 2003, as well as oral notice in June 2003. The motion to file a late claim was not filed until December 22, 2003, over six months after the June 10 conversation. The court found Hall's counsel's reasons for the delay--he had made numerous unsuccessful attempts to contact Kmart's bankruptcy counsel and had spent "several weeks" researching the underlying issues--to be inadequate explanations. We find no error in this conclusion. Six months is a lengthy delay, and neither consultation with Kmart's counsel nor extensive research was necessary for Hall's counsel to file a motion seeking leave to file a late proof of claim.

We believe that the bankruptcy court's findings and analysis regarding Hall's motion to file a late adminstrative expense claim

were correct; there was no excusable neglect.  The court did not abuse its discretion in refusing to allow a late-filed claim.

### CONCLUSION

For the foregoing reasons, the bankruptcy court's order of August 11, 2004, denying the motion of Dana Hall seeking leave to file a late administrative expense claim is affirmed.


DATE:     August 25, 2005



ENTER:    _____

John F. Grady, United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DANA HALL,                          )
                                    )
            Appellant,              )
                                    )
        v.                          )        No. 04 C 6240
                                    )
KMART CORPORATION,                  )
                                    )
            Appellee.               )


### <u>MEMORANDUM OPINION</u>

This case is before us on appeal from Bankruptcy Judge Sonderby's order of August 11, 2004, which denied Dana Hall's motion to file a late administrative expense claim in the bankruptcy reorganization of Kmart Corporation ("Kmart"). For the reasons explained below, the bankruptcy court's order is affirmed.

### <u>BACKGROUND</u>

On January 22, 2002, appellee Kmart filed a voluntary petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code. On May 22, 2002, appellant Dana Hall was shopping at a San Diego Kmart store and allegedly suffered severe injury to her left foot when a pile of paint cans fell on it. Hall's counsel, Norton & Norton LLP (the "Norton Firm"), notified Kmart in August 2002 that it was representing Hall in connection with the incident. On May 9, 2003, Hall filed a personal injury suit against Kmart in California state court.

The deadline for filing administrative claims in the Kmart bankruptcy proceeding (the "bar date") was June 20, 2003. On May 9, 2003, Kmart mailed a notice to the Norton Firm informing Hall of the bar date. The notice was mailed to the correct address for the Norton Firm, but it omitted the ZIP Code. On May 19, 2003, Kmart mailed a second copy of the notice to Hall's counsel at the same address, along with a blank proof of administrative expense claim form. Neither of the mailings were returned to Kmart as "undeliverable." The Norton Firm, however, denies receiving either mailing.

On June 10, 2003, Alexandra Wilcox, Kmart's personal injury defense counsel, called Marshall Rosenbach, Hall's counsel at the Norton Firm, and left a voice-mail message regarding the personal injury action, the Kmart bankruptcy, and the filing of documents with the bankruptcy court. Whether Wilcox and Rosenbach had a conversation that day concerning the bar date is in dispute, as described <u>infra</u> in our discussion. Rosenbach faxed Wilson a letter at 5:15 p.m. that same day, the pertinent content of which is also set forth <u>infra</u>.

After June 10, the parties proceeded with the personal injury action and ultimately transferred venue to San Diego. On August 26, 2003, Rosenbach received a letter from Wilcox advising him that Hall's claim was time-barred. The letter also stated: "On June 10, 2003, while we were discussing the transfer of this case from Los

Angeles to San Diego, we called to remind you to file the administrative expense claim form." The Norton Firm claims that this was their first notification of the bar date. According to Wilcox, she advised Rosenbach in early September 2003 that he should consult Kmart's bankruptcy counsel to proceed with the matter in bankruptcy court.

Some months later, on December 22, 2003, the Norton Firm filed a "Motion of Claimant Dana Hall Seeking Authority to File Late Administrative Expense Claim." On March 10, 2004, the bankruptcy court heard oral argument and testimony on Hall's motion and reserved ruling. On August 11, 2004, the bankruptcy court entered a memorandum opinion and a separate order denying Hall's motion. Hall now appeals.

### DISCUSSION

The bankruptcy court's refusal to allow Hall to file a late administrative expense claim is reviewed for an abuse of discretion. See In re Kmart Corp., 381 F.3d 709, 712 (7th Cir. 2004). "In general terms, a court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." Id. at 713. We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. See In re Smith, 286 F.3d 461, 464-65 (7th Cir. 2002); Fed. R. Bankr. P. 8013. "[D]ue regard

shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."  Fed. R. Bankr. P. 8013.

We begin with the applicable general principles.  "[J]ustice does not <u>require</u> amendment, and indeed rarely <u>permits</u> amendment, once the last date for filing claims has passed.  'Late-filed claims, especially in the bankruptcy context, disrupt orderly discharge and should generally be barred.'"  <u>In re Plunkett</u>, 82 F.3d 738, 741 (7th Cir. 1996) (quoting <u>In re Unroe</u>, 937 F.2d 346, 351 (7th Cir. 1991)).

Under Federal Rule of Bankruptcy Procedure 9006(b), a bankruptcy court may, in its discretion, allow a late-filed proof of claim if the late filing was the result of "excusable neglect."  <u>See</u> <u>Kmart</u>, 381 F.3d at 713.  There are four general factors to guide the court's excusable neglect analysis: the danger of prejudice to the debtor; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and the good faith of the movant.  <u>See</u> <u>id.</u> (citing <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993)).  "One ancillary rule is that inattentiveness to the litigation is not excusable."  <u>Plunkett</u>, 82 F.3d at 742.

Judge Sonderby's detailed analysis focused primarily on the reason for the delay--the purported lack of notice--and the length of the delay.  The bankruptcy court held that, even assuming that

Hall otherwise acted in good faith and that Kmart would not be prejudiced, Hall's counsel's neglect was not excusable. Hall argues that the bankruptcy court abused its discretion by: (1) finding that the presumption of receipt of the notices had not been rebutted; (2) finding that appellant had received notice of the bar date on June 10, 2003; (3) allowing the telephonic testimony of Wilcox and in "giving greater weight and credibility" to her testimony; (4) holding that 10 days' notice was sufficient; and (5) finding that there was delay in filing the motion. Hall also contends that Kmart should have been estopped from opposing Hall's motion because Kmart "vigorously litigated" the underlying state court action. We will examine each argument in turn.

Mail that is properly addressed, stamped, and deposited in the mail system is presumed to have reached its destination in the usual time and to have been received by the party to whom it was addressed, see Hagner v. United States, 285 U.S. 427, 430 (1932). The bankruptcy court correctly noted that the presumption arises even if a ZIP Code has been omitted from the otherwise correct address, see In re Longardner & Assocs., Inc., 855 F.2d 455, 460 (7th Cir. 1988). Such an omission weakens the presumption, but the presumption is strengthened again where a mailing is never returned as "undeliverable." See id. at 460. Moreover, a simple denial of receipt does not rebut the presumption, but merely creates a question of fact. See id. at 459.

The bankruptcy court considered the affidavit of Kmart's noticing agent, who stated that notices were mailed to the Norton Firm on May 9 and May 19, 2003 and that neither mailing was returned as "undeliverable." The court also considered the affidavit and testimony of Hall's counsel, Rosenbach, and the telephonic testimony of Kmart's counsel, Wilcox. According to Rosenbach, the Norton Firm did not receive either of the bar date notices that were mailed by Kmart in May 2003. Rosenbach conceded that Wilcox left him a voice-mail message on June 10, 2003, regarding an unspecified filing in relation to Kmart's bankruptcy, but stated that he never had a discussion with Wilcox that day concerning the bar date.

Wilcox, on the other hand, testified that she spoke with Rosenbach the afternoon of June 10 and discussed the bankruptcy filing with him, as well as the administrative expense claim form. She recalled that Rosenbach had asked her what the form looked like and that she responded that she was not bankruptcy counsel so she did not know, but that he should "make sure" to look for it. According to Wilcox, Rosenbach stated that his boss, Todd Norton, might have it on his desk somewhere.

Rosenbach contended (and Hall contends on appeal) that his June 10 fax at 5:15 pm to Wilcox corroborated his argument that the notices had not been received because he would not have sent it if he had known about the bar date. The fax stated in pertinent part:

"This letter confirms our conversation of earlier today regarding changing venue to San Diego. . . . I also received your voice mail this afternoon regarding an additional filing that we had to file in light of KMart's bankruptcy filing." (Appellee's Br., Ex. F.) Wilcox testified that she did not respond to the fax because she had assumed it was written prior to their conversation but not faxed until afterward.

The bankruptcy court observed that although Rosenbach claimed that the June 10 discussion with Wilcox never took place, Hall's motion curiously contained the following inconsistent statements: "This Motion . . . is based upon the grounds that HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; ". . . HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; and "HALL was not notified of the administrative expense bar date until ten (10) days prior to the expiration thereof." (Appellee's Br., Ex. B, Motion Seeking Authority to File Late Administrative Expense Claim at 2, 6, 8.) When the court asked Rosenbach about the inconsistency between these statements and his contention that the June 10 conversation never took place, Rosenbach responded that the statements in the motion were "really an alternative argument." (Appellee's Br., Ex. E, Tr. at 15.)

The bankruptcy court concluded that Rosenbach's simple denial of receipt did not rebut the presumption that the notices had been received. Regarding the June 10 fax, the court stated: "The letter does not . . . provide . . . corroboration [that the Notices had not been received]; it merely indicates that Rosenbach (when he wrote the letter) was unaware of the Notice. Indeed, when Rosenbach spoke to Wilcox, he acknowledged that his boss, Todd, might have it 'on his desk somewhere.' . . . Rosenbach may even have seen the Notice, but ignored it, thinking that it did not apply to Hall's claim." (Memorandum Opinion at 7-8.) We find no error in the bankruptcy court's conclusion, and Hall simply gives us no reason why we should do so.

The bankruptcy court could have stopped there and relied on the presumption of notice,[1] but it also found that Rosenbach himself was specifically advised by Wilcox on June 10, 2003 that the administrative expense claim form had to be filed by June 20, 2003. In the court's view, ten days were "more than sufficient" to allow the Norton form to timely file the claim form. The court found Wilcox's testimony persuasive, as well as the admissions in Hall's motion that notice had been received on June 10, which according to the court were "not adequately explained as an 'alternative argument.'" (Memorandum Opinion at 8.)

---

[1] We could stop here as well, but we find no error in the bankruptcy court's alternative holding either, as set forth infra.

Again, we discern no error in the bankruptcy court's conclusion. Wilcox testified that on June 10, she discussed with Rosenberg "the bankruptcy filing and AEC [administrative expense claim] form and date." (Appellee's Br., Ex. E, Tr. at 24-25.) Hall argues that the court's finding was erroneous because Wilcox's shorthand notes of certain conversations with Rosenberg did not mention that she had "given oral notice of the bar date." We are unpersuaded. Wilcox's notes were shorthand and incomplete, and she was able to indpendently recall many of the details of her conversation(s) with Rosenberg. The bankruptcy court, often asking questions herself, heard detailed testimony from Wilcox and Rosenberg. The court determined that Wilcox was credible, and Hall offers us no reason to believe otherwise.

We also reject Hall's argument that the bankruptcy court should not have allowed Wilcox, who was out of state, to testify by telephone. Hall's counsel did not object to the telephonic testimony at the hearing, and the argument therefore has been waived. Hall also failed to raise before the bankruptcy court the argument that Kmart is estopped from opposing Hall's motion; thus, it has been waived as well.

Hall's final argument is that ten days' notice of the bar date (from the June 10 conversation to the June 20, 2003 bar date) was insufficient because she was entitled to twenty days under Federal Rule of Bankruptcy Procedure 2002. Rule 2002, however,

prescribes a twenty-day notice for <u>mailing</u>, among other things, notice of the time for filing proofs of claims.  The Rule does not apply to oral notice, and Hall does not cite any authority for extending it to the instant situation.  In any event, the bankruptcy court's holding regarding notice on June 10 was an alternative holding.  Its primary holding, which was not erroneous, was that Hall's counsel failed to rebut the presumption that it had received the notices that were mailed in May 2003, which was more than twenty days before the bar date.

After weighing all the evidence, the bankruptcy court found that Hall had failed to rebut the presumption that she received (through counsel) the two notices of the bar date mailed in May 2003, as well as oral notice in June 2003.  The motion to file a late claim was not filed until December 22, 2003, over six months after the June 10 conversation.  The court found Hall's counsel's reasons for the delay--he had made numerous unsuccessful attempts to contact Kmart's bankruptcy counsel and had spent "several weeks" researching the underlying issues--to be inadequate explanations. We find no error in this conclusion.  Six months is a lengthy delay, and neither consultation with Kmart's counsel nor extensive research was necessary for Hall's counsel to file a motion seeking leave to file a late proof of claim.

We believe that the bankruptcy court's findings and analysis regarding Hall's motion to file a late adminstrative expense claim

were correct; there was no excusable neglect. The court did not abuse its discretion in refusing to allow a late-filed claim.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's order of August 11, 2004, denying the motion of Dana Hall seeking leave to file a late administrative expense claim is affirmed.


DATE:     August 25, 2005


ENTER:    _____

          John F. Grady, United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DANA HALL,                          )
                                    )
          Appellant,                )
                                    )
     v.                             )     No. 04 C 6240
                                    )
KMART CORPORATION,                  )
                                    )
          Appellee.                 )


## MEMORANDUM OPINION

This case is before us on appeal from Bankruptcy Judge Sonderby's order of August 11, 2004, which denied Dana Hall's motion to file a late administrative expense claim in the bankruptcy reorganization of Kmart Corporation ("Kmart"). For the reasons explained below, the bankruptcy court's order is affirmed.

## BACKGROUND

On January 22, 2002, appellee Kmart filed a voluntary petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code. On May 22, 2002, appellant Dana Hall was shopping at a San Diego Kmart store and allegedly suffered severe injury to her left foot when a pile of paint cans fell on it. Hall's counsel, Norton & Norton LLP (the "Norton Firm"), notified Kmart in August 2002 that it was representing Hall in connection with the incident. On May 9, 2003, Hall filed a personal injury suit against Kmart in California state court.

The deadline for filing administrative claims in the Kmart bankruptcy proceeding (the "bar date") was June 20, 2003. On May 9, 2003, Kmart mailed a notice to the Norton Firm informing Hall of the bar date. The notice was mailed to the correct address for the Norton Firm, but it omitted the ZIP Code. On May 19, 2003, Kmart mailed a second copy of the notice to Hall's counsel at the same address, along with a blank proof of administrative expense claim form. Neither of the mailings were returned to Kmart as "undeliverable." The Norton Firm, however, denies receiving either mailing.

On June 10, 2003, Alexandra Wilcox, Kmart's personal injury defense counsel, called Marshall Rosenbach, Hall's counsel at the Norton Firm, and left a voice-mail message regarding the personal injury action, the Kmart bankruptcy, and the filing of documents with the bankruptcy court. Whether Wilcox and Rosenbach had a conversation that day concerning the bar date is in dispute, as described <u>infra</u> in our discussion. Rosenbach faxed Wilson a letter at 5:15 p.m. that same day, the pertinent content of which is also set forth <u>infra</u>.

After June 10, the parties proceeded with the personal injury action and ultimately transferred venue to San Diego. On August 26, 2003, Rosenbach received a letter from Wilcox advising him that Hall's claim was time-barred. The letter also stated: "On June 10, 2003, while we were discussing the transfer of this case from Los

Angeles to San Diego, we called to remind you to file the administrative expense claim form."  The Norton Firm claims that this was their first notification of the bar date.  According to Wilcox, she advised Rosenbach in early September 2003 that he should consult Kmart's bankruptcy counsel to proceed with the matter in bankruptcy court.

Some months later, on December 22, 2003, the Norton Firm filed a "Motion of Claimant Dana Hall Seeking Authority to File Late Administrative Expense Claim."  On March 10, 2004, the bankruptcy court heard oral argument and testimony on Hall's motion and reserved ruling.  On August 11, 2004, the bankruptcy court entered a memorandum opinion and a separate order denying Hall's motion. Hall now appeals.

## DISCUSSION

The bankruptcy court's refusal to allow Hall to file a late administrative expense claim is reviewed for an abuse of discretion.  See In re Kmart Corp., 381 F.3d 709, 712 (7th Cir. 2004).  "In general terms, a court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied."  Id. at 713.  We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo.  See In re Smith, 286 F.3d 461, 464-65 (7th Cir. 2002); Fed. R. Bankr. P. 8013.  "[D]ue regard

shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."  Fed. R. Bankr. P. 8013.

We begin with the applicable general principles.  "[J]ustice does not <u>require</u> amendment, and indeed rarely <u>permits</u> amendment, once the last date for filing claims has passed.  'Late-filed claims, especially in the bankruptcy context, disrupt orderly discharge and should generally be barred.'"  <u>In re Plunkett</u>, 82 F.3d 738, 741 (7th Cir. 1996) (quoting <u>In re Unroe</u>, 937 F.2d 346, 351 (7th Cir. 1991)).

Under Federal Rule of Bankruptcy Procedure 9006(b), a bankruptcy court may, in its discretion, allow a late-filed proof of claim if the late filing was the result of "excusable neglect."  <u>See</u> <u>Kmart</u>, 381 F.3d at 713.  There are four general factors to guide the court's excusable neglect analysis: the danger of prejudice to the debtor; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and the good faith of the movant.  <u>See</u> <u>id.</u> (citing <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993)).  "One ancillary rule is that inattentiveness to the litigation is not excusable."  <u>Plunkett</u>, 82 F.3d at 742.

Judge Sonderby's detailed analysis focused primarily on the reason for the delay--the purported lack of notice--and the length of the delay.  The bankruptcy court held that, even assuming that

Hall otherwise acted in good faith and that Kmart would not be prejudiced, Hall's counsel's neglect was not excusable. Hall argues that the bankruptcy court abused its discretion by: (1) finding that the presumption of receipt of the notices had not been rebutted; (2) finding that appellant had received notice of the bar date on June 10, 2003; (3) allowing the telephonic testimony of Wilcox and in "giving greater weight and credibility" to her testimony; (4) holding that 10 days' notice was sufficient; and (5) finding that there was delay in filing the motion. Hall also contends that Kmart should have been estopped from opposing Hall's motion because Kmart "vigorously litigated" the underlying state court action. We will examine each argument in turn.

Mail that is properly addressed, stamped, and deposited in the mail system is presumed to have reached its destination in the usual time and to have been received by the party to whom it was addressed, see Hagner v. United States, 285 U.S. 427, 430 (1932). The bankruptcy court correctly noted that the presumption arises even if a ZIP Code has been omitted from the otherwise correct address, see In re Longardner & Assocs., Inc., 855 F.2d 455, 460 (7th Cir. 1988). Such an omission weakens the presumption, but the presumption is strengthened again where a mailing is never returned as "undeliverable." See id. at 460. Moreover, a simple denial of receipt does not rebut the presumption, but merely creates a question of fact. See id. at 459.

The bankruptcy court considered the affidavit of Kmart's noticing agent, who stated that notices were mailed to the Norton Firm on May 9 and May 19, 2003 and that neither mailing was returned as "undeliverable." The court also considered the affidavit and testimony of Hall's counsel, Rosenbach, and the telephonic testimony of Kmart's counsel, Wilcox. According to Rosenbach, the Norton Firm did not receive either of the bar date notices that were mailed by Kmart in May 2003. Rosenbach conceded that Wilcox left him a voice-mail message on June 10, 2003, regarding an unspecified filing in relation to Kmart's bankruptcy, but stated that he never had a discussion with Wilcox that day concerning the bar date.

Wilcox, on the other hand, testified that she spoke with Rosenbach the afternoon of June 10 and discussed the bankruptcy filing with him, as well as the administrative expense claim form. She recalled that Rosenbach had asked her what the form looked like and that she responded that she was not bankruptcy counsel so she did not know, but that he should "make sure" to look for it. According to Wilcox, Rosenbach stated that his boss, Todd Norton, might have it on his desk somewhere.

Rosenbach contended (and Hall contends on appeal) that his June 10 fax at 5:15 pm to Wilcox corroborated his argument that the notices had not been received because he would not have sent it if he had known about the bar date. The fax stated in pertinent part:

"This letter confirms our conversation of earlier today regarding changing venue to San Diego. . . . I also received your voice mail this afternoon regarding an additional filing that we had to file in light of KMart's bankruptcy filing." (Appellee's Br., Ex. F.) Wilcox testified that she did not respond to the fax because she had assumed it was written prior to their conversation but not faxed until afterward.

The bankruptcy court observed that although Rosenbach claimed that the June 10 discussion with Wilcox never took place, Hall's motion curiously contained the following inconsistent statements: "This Motion . . . is based upon the grounds that HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; ". . . HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; and "HALL was not notified of the administrative expense bar date until ten (10) days prior to the expiration thereof." (Appellee's Br., Ex. B, Motion Seeking Authority to File Late Administrative Expense Claim at 2, 6, 8.) When the court asked Rosenbach about the inconsistency between these statements and his contention that the June 10 conversation never took place, Rosenbach responded that the statements in the motion were "really an alternative argument." (Appellee's Br., Ex. E, Tr. at 15.)

The bankruptcy court concluded that Rosenbach's simple denial of receipt did not rebut the presumption that the notices had been received. Regarding the June 10 fax, the court stated: "The letter does not . . . provide . . . corroboration [that the Notices had not been received]; it merely indicates that Rosenbach (when he wrote the letter) was unaware of the Notice. Indeed, when Rosenbach spoke to Wilcox, he acknowledged that his boss, Todd, might have it 'on his desk somewhere.' . . . Rosenbach may even have seen the Notice, but ignored it, thinking that it did not apply to Hall's claim." (Memorandum Opinion at 7-8.) We find no error in the bankruptcy court's conclusion, and Hall simply gives us no reason why we should do so.

The bankruptcy court could have stopped there and relied on the presumption of notice,[1] but it also found that Rosenbach himself was specifically advised by Wilcox on June 10, 2003 that the administrative expense claim form had to be filed by June 20, 2003. In the court's view, ten days were "more than sufficient" to allow the Norton form to timely file the claim form. The court found Wilcox's testimony persuasive, as well as the admissions in Hall's motion that notice had been received on June 10, which according to the court were "not adequately explained as an 'alternative argument.'" (Memorandum Opinion at 8.)

---

[1] We could stop here as well, but we find no error in the bankruptcy court's alternative holding either, as set forth _infra_.

Again, we discern no error in the bankruptcy court's conclusion. Wilcox testified that on June 10, she discussed with Rosenberg "the bankruptcy filing and AEC [administrative expense claim] form and date." (Appellee's Br., Ex. E, Tr. at 24-25.) Hall argues that the court's finding was erroneous because Wilcox's shorthand notes of certain conversations with Rosenberg did not mention that she had "given oral notice of the bar date." We are unpersuaded. Wilcox's notes were shorthand and incomplete, and she was able to indpendently recall many of the details of her conversation(s) with Rosenberg. The bankruptcy court, often asking questions herself, heard detailed testimony from Wilcox and Rosenberg. The court determined that Wilcox was credible, and Hall offers us no reason to believe otherwise.

We also reject Hall's argument that the bankruptcy court should not have allowed Wilcox, who was out of state, to testify by telephone. Hall's counsel did not object to the telephonic testimony at the hearing, and the argument therefore has been waived. Hall also failed to raise before the bankruptcy court the argument that Kmart is estopped from opposing Hall's motion; thus, it has been waived as well.

Hall's final argument is that ten days' notice of the bar date (from the June 10 conversation to the June 20, 2003 bar date) was insufficient because she was entitled to twenty days under Federal Rule of Bankruptcy Procedure 2002. Rule 2002, however,

prescribes a twenty-day notice for <u>mailing</u>, among other things, notice of the time for filing proofs of claims. The Rule does not apply to oral notice, and Hall does not cite any authority for extending it to the instant situation. In any event, the bankruptcy court's holding regarding notice on June 10 was an alternative holding. Its primary holding, which was not erroneous, was that Hall's counsel failed to rebut the presumption that it had received the notices that were mailed in May 2003, which was more than twenty days before the bar date.

After weighing all the evidence, the bankruptcy court found that Hall had failed to rebut the presumption that she received (through counsel) the two notices of the bar date mailed in May 2003, as well as oral notice in June 2003. The motion to file a late claim was not filed until December 22, 2003, over six months after the June 10 conversation. The court found Hall's counsel's reasons for the delay--he had made numerous unsuccessful attempts to contact Kmart's bankruptcy counsel and had spent "several weeks" researching the underlying issues--to be inadequate explanations. We find no error in this conclusion. Six months is a lengthy delay, and neither consultation with Kmart's counsel nor extensive research was necessary for Hall's counsel to file a motion seeking leave to file a late proof of claim.

We believe that the bankruptcy court's findings and analysis regarding Hall's motion to file a late adminstrative expense claim

were correct; there was no excusable neglect.  The court did not abuse its discretion in refusing to allow a late-filed claim.

### CONCLUSION

For the foregoing reasons, the bankruptcy court's order of August 11, 2004, denying the motion of Dana Hall seeking leave to file a late administrative expense claim is affirmed.


DATE:     August 25, 2005


ENTER:  _____

John F. Grady, United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DANA HALL,                          )
                                    )
            Appellant,              )
                                    )
      v.                            )       No. 04 C 6240
                                    )
KMART CORPORATION,                  )
                                    )
            Appellee.               )


<u>**MEMORANDUM OPINION**</u>

This case is before us on appeal from Bankruptcy Judge Sonderby's order of August 11, 2004, which denied Dana Hall's motion to file a late administrative expense claim in the bankruptcy reorganization of Kmart Corporation ("Kmart"). For the reasons explained below, the bankruptcy court's order is affirmed.

<u>**BACKGROUND**</u>

On January 22, 2002, appellee Kmart filed a voluntary petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code. On May 22, 2002, appellant Dana Hall was shopping at a San Diego Kmart store and allegedly suffered severe injury to her left foot when a pile of paint cans fell on it. Hall's counsel, Norton & Norton LLP (the "Norton Firm"), notified Kmart in August 2002 that it was representing Hall in connection with the incident. On May 9, 2003, Hall filed a personal injury suit against Kmart in California state court.

The deadline for filing administrative claims in the Kmart bankruptcy proceeding (the "bar date") was June 20, 2003. On May 9, 2003, Kmart mailed a notice to the Norton Firm informing Hall of the bar date. The notice was mailed to the correct address for the Norton Firm, but it omitted the ZIP Code. On May 19, 2003, Kmart mailed a second copy of the notice to Hall's counsel at the same address, along with a blank proof of administrative expense claim form. Neither of the mailings were returned to Kmart as "undeliverable." The Norton Firm, however, denies receiving either mailing.

On June 10, 2003, Alexandra Wilcox, Kmart's personal injury defense counsel, called Marshall Rosenbach, Hall's counsel at the Norton Firm, and left a voice-mail message regarding the personal injury action, the Kmart bankruptcy, and the filing of documents with the bankruptcy court. Whether Wilcox and Rosenbach had a conversation that day concerning the bar date is in dispute, as described <u>infra</u> in our discussion. Rosenbach faxed Wilson a letter at 5:15 p.m. that same day, the pertinent content of which is also set forth <u>infra</u>.

After June 10, the parties proceeded with the personal injury action and ultimately transferred venue to San Diego. On August 26, 2003, Rosenbach received a letter from Wilcox advising him that Hall's claim was time-barred. The letter also stated: "On June 10, 2003, while we were discussing the transfer of this case from Los

Angeles to San Diego, we called to remind you to file the administrative expense claim form." The Norton Firm claims that this was their first notification of the bar date. According to Wilcox, she advised Rosenbach in early September 2003 that he should consult Kmart's bankruptcy counsel to proceed with the matter in bankruptcy court.

Some months later, on December 22, 2003, the Norton Firm filed a "Motion of Claimant Dana Hall Seeking Authority to File Late Administrative Expense Claim." On March 10, 2004, the bankruptcy court heard oral argument and testimony on Hall's motion and reserved ruling. On August 11, 2004, the bankruptcy court entered a memorandum opinion and a separate order denying Hall's motion. Hall now appeals.

### DISCUSSION

The bankruptcy court's refusal to allow Hall to file a late administrative expense claim is reviewed for an abuse of discretion. See In re Kmart Corp., 381 F.3d 709, 712 (7th Cir. 2004). "In general terms, a court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." Id. at 713. We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. See In re Smith, 286 F.3d 461, 464-65 (7th Cir. 2002); Fed. R. Bankr. P. 8013. "[D]ue regard

shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013.

We begin with the applicable general principles. "[J]ustice does not <u>require</u> amendment, and indeed rarely <u>permits</u> amendment, once the last date for filing claims has passed. 'Late-filed claims, especially in the bankruptcy context, disrupt orderly discharge and should generally be barred.'" <u>In re Plunkett</u>, 82 F.3d 738, 741 (7th Cir. 1996) (quoting <u>In re Unroe</u>, 937 F.2d 346, 351 (7th Cir. 1991)).

Under Federal Rule of Bankruptcy Procedure 9006(b), a bankruptcy court may, in its discretion, allow a late-filed proof of claim if the late filing was the result of "excusable neglect." <u>See</u> <u>Kmart</u>, 381 F.3d at 713. There are four general factors to guide the court's excusable neglect analysis: the danger of prejudice to the debtor; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and the good faith of the movant. <u>See</u> <u>id.</u> (citing <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993)). "One ancillary rule is that inattentiveness to the litigation is not excusable." <u>Plunkett</u>, 82 F.3d at 742.

Judge Sonderby's detailed analysis focused primarily on the reason for the delay--the purported lack of notice--and the length of the delay. The bankruptcy court held that, even assuming that

Hall otherwise acted in good faith and that Kmart would not be prejudiced, Hall's counsel's neglect was not excusable. Hall argues that the bankruptcy court abused its discretion by: (1) finding that the presumption of receipt of the notices had not been rebutted; (2) finding that appellant had received notice of the bar date on June 10, 2003; (3) allowing the telephonic testimony of Wilcox and in "giving greater weight and credibility" to her testimony; (4) holding that 10 days' notice was sufficient; and (5) finding that there was delay in filing the motion. Hall also contends that Kmart should have been estopped from opposing Hall's motion because Kmart "vigorously litigated" the underlying state court action. We will examine each argument in turn.

Mail that is properly addressed, stamped, and deposited in the mail system is presumed to have reached its destination in the usual time and to have been received by the party to whom it was addressed, see <u>Hagner v. United States</u>, 285 U.S. 427, 430 (1932). The bankruptcy court correctly noted that the presumption arises even if a ZIP Code has been omitted from the otherwise correct address, see <u>In re Longardner & Assocs., Inc.</u>, 855 F.2d 455, 460 (7th Cir. 1988). Such an omission weakens the presumption, but the presumption is strengthened again where a mailing is never returned as "undeliverable." <u>See</u> <u>id.</u> at 460. Moreover, a simple denial of receipt does not rebut the presumption, but merely creates a question of fact. <u>See</u> <u>id.</u> at 459.

The bankruptcy court considered the affidavit of Kmart's noticing agent, who stated that notices were mailed to the Norton Firm on May 9 and May 19, 2003 and that neither mailing was returned as "undeliverable." The court also considered the affidavit and testimony of Hall's counsel, Rosenbach, and the telephonic testimony of Kmart's counsel, Wilcox. According to Rosenbach, the Norton Firm did not receive either of the bar date notices that were mailed by Kmart in May 2003. Rosenbach conceded that Wilcox left him a voice-mail message on June 10, 2003, regarding an unspecified filing in relation to Kmart's bankruptcy, but stated that he never had a discussion with Wilcox that day concerning the bar date.

Wilcox, on the other hand, testified that she spoke with Rosenbach the afternoon of June 10 and discussed the bankruptcy filing with him, as well as the administrative expense claim form. She recalled that Rosenbach had asked her what the form looked like and that she responded that she was not bankruptcy counsel so she did not know, but that he should "make sure" to look for it. According to Wilcox, Rosenbach stated that his boss, Todd Norton, might have it on his desk somewhere.

Rosenbach contended (and Hall contends on appeal) that his June 10 fax at 5:15 pm to Wilcox corroborated his argument that the notices had not been received because he would not have sent it if he had known about the bar date. The fax stated in pertinent part:

"This letter confirms our conversation of earlier today regarding changing venue to San Diego. . . . I also received your voice mail this afternoon regarding an additional filing that we had to file in light of KMart's bankruptcy filing." (Appellee's Br., Ex. F.) Wilcox testified that she did not respond to the fax because she had assumed it was written prior to their conversation but not faxed until afterward.

The bankruptcy court observed that although Rosenbach claimed that the June 10 discussion with Wilcox never took place, Hall's motion curiously contained the following inconsistent statements: "This Motion . . . is based upon the grounds that HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; ". . . HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; and "HALL was not notified of the administrative expense bar date until ten (10) days prior to the expiration thereof." (Appellee's Br., Ex. B, Motion Seeking Authority to File Late Administrative Expense Claim at 2, 6, 8.) When the court asked Rosenbach about the inconsistency between these statements and his contention that the June 10 conversation never took place, Rosenbach responded that the statements in the motion were "really an alternative argument." (Appellee's Br., Ex. E, Tr. at 15.)

The bankruptcy court concluded that Rosenbach's simple denial of receipt did not rebut the presumption that the notices had been received.  Regarding the June 10 fax, the court stated: "The letter does not . . . provide . . . corroboration [that the Notices had not been received]; it merely indicates that Rosenbach (when he wrote the letter) was unaware of the Notice.  Indeed, when Rosenbach spoke to Wilcox, he acknowledged that his boss, Todd, might have it 'on his desk somewhere.' . . . Rosenbach may even have seen the Notice, but ignored it, thinking that it did not apply to Hall's claim." (Memorandum Opinion at 7-8.)  We find no error in the bankruptcy court's conclusion, and Hall simply gives us no reason why we should do so.

The bankruptcy court could have stopped there and relied on the presumption of notice,[1] but it also found that Rosenbach himself was specifically advised by Wilcox on June 10, 2003 that the administrative expense claim form had to be filed by June 20, 2003.  In the court's view, ten days were "more than sufficient" to allow the Norton form to timely file the claim form.  The court found Wilcox's testimony persuasive, as well as the admissions in Hall's motion that notice had been received on June 10, which according to the court were "not adequately explained as an 'alternative argument.'" (Memorandum Opinion at 8.)

_____

[1]/  We could stop here as well, but we find no error in the bankruptcy court's alternative holding either, as set forth _infra_.

Again, we discern no error in the bankruptcy court's conclusion. Wilcox testified that on June 10, she discussed with Rosenberg "the bankruptcy filing and AEC [administrative expense claim] form and date." (Appellee's Br., Ex. E, Tr. at 24-25.) Hall argues that the court's finding was erroneous because Wilcox's shorthand notes of certain conversations with Rosenberg did not mention that she had "given oral notice of the bar date." We are unpersuaded. Wilcox's notes were shorthand and incomplete, and she was able to indpendently recall many of the details of her conversation(s) with Rosenberg. The bankruptcy court, often asking questions herself, heard detailed testimony from Wilcox and Rosenberg. The court determined that Wilcox was credible, and Hall offers us no reason to believe otherwise.

We also reject Hall's argument that the bankruptcy court should not have allowed Wilcox, who was out of state, to testify by telephone. Hall's counsel did not object to the telephonic testimony at the hearing, and the argument therefore has been waived. Hall also failed to raise before the bankruptcy court the argument that Kmart is estopped from opposing Hall's motion; thus, it has been waived as well.

Hall's final argument is that ten days' notice of the bar date (from the June 10 conversation to the June 20, 2003 bar date) was insufficient because she was entitled to twenty days under Federal Rule of Bankruptcy Procedure 2002. Rule 2002, however,

prescribes a twenty-day notice for <u>mailing</u>, among other things, notice of the time for filing proofs of claims. The Rule does not apply to oral notice, and Hall does not cite any authority for extending it to the instant situation. In any event, the bankruptcy court's holding regarding notice on June 10 was an alternative holding. Its primary holding, which was not erroneous, was that Hall's counsel failed to rebut the presumption that it had received the notices that were mailed in May 2003, which was more than twenty days before the bar date.

After weighing all the evidence, the bankruptcy court found that Hall had failed to rebut the presumption that she received (through counsel) the two notices of the bar date mailed in May 2003, as well as oral notice in June 2003. The motion to file a late claim was not filed until December 22, 2003, over six months after the June 10 conversation. The court found Hall's counsel's reasons for the delay--he had made numerous unsuccessful attempts to contact Kmart's bankruptcy counsel and had spent "several weeks" researching the underlying issues--to be inadequate explanations. We find no error in this conclusion. Six months is a lengthy delay, and neither consultation with Kmart's counsel nor extensive research was necessary for Hall's counsel to file a motion seeking leave to file a late proof of claim.

We believe that the bankruptcy court's findings and analysis regarding Hall's motion to file a late adminstrative expense claim

were correct; there was no excusable neglect.  The court did not abuse its discretion in refusing to allow a late-filed claim.

### CONCLUSION

For the foregoing reasons, the bankruptcy court's order of August 11, 2004, denying the motion of Dana Hall seeking leave to file a late administrative expense claim is affirmed.


DATE:     August 25, 2005



ENTER:  _____

John F. Grady, United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANA HALL, | ) | |
| Appellant, | ) | |
| v. | ) | No. 04 C 6240 |
| KMART CORPORATION, | ) | |
| Appellee. | ) | |

## MEMORANDUM OPINION

This case is before us on appeal from Bankruptcy Judge Sonderby's order of August 11, 2004, which denied Dana Hall's motion to file a late administrative expense claim in the bankruptcy reorganization of Kmart Corporation ("Kmart"). For the reasons explained below, the bankruptcy court's order is affirmed.

## BACKGROUND

On January 22, 2002, appellee Kmart filed a voluntary petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code. On May 22, 2002, appellant Dana Hall was shopping at a San Diego Kmart store and allegedly suffered severe injury to her left foot when a pile of paint cans fell on it. Hall's counsel, Norton & Norton LLP (the "Norton Firm"), notified Kmart in August 2002 that it was representing Hall in connection with the incident. On May 9, 2003, Hall filed a personal injury suit against Kmart in California state court.

The deadline for filing administrative claims in the Kmart bankruptcy proceeding (the "bar date") was June 20, 2003. On May 9, 2003, Kmart mailed a notice to the Norton Firm informing Hall of the bar date. The notice was mailed to the correct address for the Norton Firm, but it omitted the ZIP Code. On May 19, 2003, Kmart mailed a second copy of the notice to Hall's counsel at the same address, along with a blank proof of administrative expense claim form. Neither of the mailings were returned to Kmart as "undeliverable." The Norton Firm, however, denies receiving either mailing.

On June 10, 2003, Alexandra Wilcox, Kmart's personal injury defense counsel, called Marshall Rosenbach, Hall's counsel at the Norton Firm, and left a voice-mail message regarding the personal injury action, the Kmart bankruptcy, and the filing of documents with the bankruptcy court. Whether Wilcox and Rosenbach had a conversation that day concerning the bar date is in dispute, as described <u>infra</u> in our discussion. Rosenbach faxed Wilson a letter at 5:15 p.m. that same day, the pertinent content of which is also set forth <u>infra</u>.

After June 10, the parties proceeded with the personal injury action and ultimately transferred venue to San Diego. On August 26, 2003, Rosenbach received a letter from Wilcox advising him that Hall's claim was time-barred. The letter also stated: "On June 10, 2003, while we were discussing the transfer of this case from Los

Angeles to San Diego, we called to remind you to file the administrative expense claim form." The Norton Firm claims that this was their first notification of the bar date. According to Wilcox, she advised Rosenbach in early September 2003 that he should consult Kmart's bankruptcy counsel to proceed with the matter in bankruptcy court.

Some months later, on December 22, 2003, the Norton Firm filed a "Motion of Claimant Dana Hall Seeking Authority to File Late Administrative Expense Claim." On March 10, 2004, the bankruptcy court heard oral argument and testimony on Hall's motion and reserved ruling. On August 11, 2004, the bankruptcy court entered a memorandum opinion and a separate order denying Hall's motion. Hall now appeals.

## DISCUSSION

The bankruptcy court's refusal to allow Hall to file a late administrative expense claim is reviewed for an abuse of discretion. See In re Kmart Corp., 381 F.3d 709, 712 (7th Cir. 2004). "In general terms, a court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." Id. at 713. We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. See In re Smith, 286 F.3d 461, 464-65 (7th Cir. 2002); Fed. R. Bankr. P. 8013. "[D]ue regard

shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."  Fed. R. Bankr. P. 8013.

We begin with the applicable general principles.  "[J]ustice does not <u>require</u> amendment, and indeed rarely <u>permits</u> amendment, once the last date for filing claims has passed.  'Late-filed claims, especially in the bankruptcy context, disrupt orderly discharge and should generally be barred.'"  <u>In re Plunkett</u>, 82 F.3d 738, 741 (7th Cir. 1996) (quoting <u>In re Unroe</u>, 937 F.2d 346, 351 (7th Cir. 1991)).

Under Federal Rule of Bankruptcy Procedure 9006(b), a bankruptcy court may, in its discretion, allow a late-filed proof of claim if the late filing was the result of "excusable neglect."  <u>See</u> <u>Kmart</u>, 381 F.3d at 713.  There are four general factors to guide the court's excusable neglect analysis:  the danger of prejudice to the debtor; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and the good faith of the movant.  <u>See</u> <u>id.</u> (citing <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993)).  "One ancillary rule is that inattentiveness to the litigation is not excusable."  <u>Plunkett</u>, 82 F.3d at 742.

Judge Sonderby's detailed analysis focused primarily on the reason for the delay--the purported lack of notice--and the length of the delay.  The bankruptcy court held that, even assuming that

Hall otherwise acted in good faith and that Kmart would not be prejudiced, Hall's counsel's neglect was not excusable. Hall argues that the bankruptcy court abused its discretion by: (1) finding that the presumption of receipt of the notices had not been rebutted; (2) finding that appellant had received notice of the bar date on June 10, 2003; (3) allowing the telephonic testimony of Wilcox and in "giving greater weight and credibility" to her testimony; (4) holding that 10 days' notice was sufficient; and (5) finding that there was delay in filing the motion. Hall also contends that Kmart should have been estopped from opposing Hall's motion because Kmart "vigorously litigated" the underlying state court action. We will examine each argument in turn.

Mail that is properly addressed, stamped, and deposited in the mail system is presumed to have reached its destination in the usual time and to have been received by the party to whom it was addressed, see Hagner v. United States, 285 U.S. 427, 430 (1932). The bankruptcy court correctly noted that the presumption arises even if a ZIP Code has been omitted from the otherwise correct address, see In re Longardner & Assocs., Inc., 855 F.2d 455, 460 (7th Cir. 1988). Such an omission weakens the presumption, but the presumption is strengthened again where a mailing is never returned as "undeliverable." See id. at 460. Moreover, a simple denial of receipt does not rebut the presumption, but merely creates a question of fact. See id. at 459.

The bankruptcy court considered the affidavit of Kmart's noticing agent, who stated that notices were mailed to the Norton Firm on May 9 and May 19, 2003 and that neither mailing was returned as "undeliverable." The court also considered the affidavit and testimony of Hall's counsel, Rosenbach, and the telephonic testimony of Kmart's counsel, Wilcox. According to Rosenbach, the Norton Firm did not receive either of the bar date notices that were mailed by Kmart in May 2003. Rosenbach conceded that Wilcox left him a voice-mail message on June 10, 2003, regarding an unspecified filing in relation to Kmart's bankruptcy, but stated that he never had a discussion with Wilcox that day concerning the bar date.

Wilcox, on the other hand, testified that she spoke with Rosenbach the afternoon of June 10 and discussed the bankruptcy filing with him, as well as the administrative expense claim form. She recalled that Rosenbach had asked her what the form looked like and that she responded that she was not bankruptcy counsel so she did not know, but that he should "make sure" to look for it. According to Wilcox, Rosenbach stated that his boss, Todd Norton, might have it on his desk somewhere.

Rosenbach contended (and Hall contends on appeal) that his June 10 fax at 5:15 pm to Wilcox corroborated his argument that the notices had not been received because he would not have sent it if he had known about the bar date. The fax stated in pertinent part:

"This letter confirms our conversation of earlier today regarding changing venue to San Diego. . . . I also received your voice mail this afternoon regarding an additional filing that we had to file in light of KMart's bankruptcy filing." (Appellee's Br., Ex. F.) Wilcox testified that she did not respond to the fax because she had assumed it was written prior to their conversation but not faxed until afterward.

The bankruptcy court observed that although Rosenbach claimed that the June 10 discussion with Wilcox never took place, Hall's motion curiously contained the following inconsistent statements: "This Motion . . . is based upon the grounds that HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; ". . . HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; and "HALL was not notified of the administrative expense bar date until ten (10) days prior to the expiration thereof." (Appellee's Br., Ex. B, Motion Seeking Authority to File Late Administrative Expense Claim at 2, 6, 8.) When the court asked Rosenbach about the inconsistency between these statements and his contention that the June 10 conversation never took place, Rosenbach responded that the statements in the motion were "really an alternative argument." (Appellee's Br., Ex. E, Tr. at 15.)

The bankruptcy court concluded that Rosenbach's simple denial of receipt did not rebut the presumption that the notices had been received. Regarding the June 10 fax, the court stated: "The letter does not . . . provide . . . corroboration [that the Notices had not been received]; it merely indicates that Rosenbach (when he wrote the letter) was unaware of the Notice. Indeed, when Rosenbach spoke to Wilcox, he acknowledged that his boss, Todd, might have it 'on his desk somewhere.' . . . Rosenbach may even have seen the Notice, but ignored it, thinking that it did not apply to Hall's claim." (Memorandum Opinion at 7-8.) We find no error in the bankruptcy court's conclusion, and Hall simply gives us no reason why we should do so.

The bankruptcy court could have stopped there and relied on the presumption of notice,[1] but it also found that Rosenbach himself was specifically advised by Wilcox on June 10, 2003 that the administrative expense claim form had to be filed by June 20, 2003. In the court's view, ten days were "more than sufficient" to allow the Norton form to timely file the claim form. The court found Wilcox's testimony persuasive, as well as the admissions in Hall's motion that notice had been received on June 10, which according to the court were "not adequately explained as an 'alternative argument.'" (Memorandum Opinion at 8.)

---

[1] We could stop here as well, but we find no error in the bankruptcy court's alternative holding either, as set forth infra.

Again, we discern no error in the bankruptcy court's conclusion. Wilcox testified that on June 10, she discussed with Rosenberg "the bankruptcy filing and AEC [administrative expense claim] form and date." (Appellee's Br., Ex. E, Tr. at 24-25.) Hall argues that the court's finding was erroneous because Wilcox's shorthand notes of certain conversations with Rosenberg did not mention that she had "given oral notice of the bar date." We are unpersuaded. Wilcox's notes were shorthand and incomplete, and she was able to indpendently recall many of the details of her conversation(s) with Rosenberg. The bankruptcy court, often asking questions herself, heard detailed testimony from Wilcox and Rosenberg. The court determined that Wilcox was credible, and Hall offers us no reason to believe otherwise.

We also reject Hall's argument that the bankruptcy court should not have allowed Wilcox, who was out of state, to testify by telephone. Hall's counsel did not object to the telephonic testimony at the hearing, and the argument therefore has been waived. Hall also failed to raise before the bankruptcy court the argument that Kmart is estopped from opposing Hall's motion; thus, it has been waived as well.

Hall's final argument is that ten days' notice of the bar date (from the June 10 conversation to the June 20, 2003 bar date) was insufficient because she was entitled to twenty days under Federal Rule of Bankruptcy Procedure 2002. Rule 2002, however,

prescribes a twenty-day notice for <u>mailing</u>, among other things, notice of the time for filing proofs of claims. The Rule does not apply to oral notice, and Hall does not cite any authority for extending it to the instant situation. In any event, the bankruptcy court's holding regarding notice on June 10 was an alternative holding. Its primary holding, which was not erroneous, was that Hall's counsel failed to rebut the presumption that it had received the notices that were mailed in May 2003, which was more than twenty days before the bar date.

After weighing all the evidence, the bankruptcy court found that Hall had failed to rebut the presumption that she received (through counsel) the two notices of the bar date mailed in May 2003, as well as oral notice in June 2003. The motion to file a late claim was not filed until December 22, 2003, over six months after the June 10 conversation. The court found Hall's counsel's reasons for the delay--he had made numerous unsuccessful attempts to contact Kmart's bankruptcy counsel and had spent "several weeks" researching the underlying issues--to be inadequate explanations. We find no error in this conclusion. Six months is a lengthy delay, and neither consultation with Kmart's counsel nor extensive research was necessary for Hall's counsel to file a motion seeking leave to file a late proof of claim.

We believe that the bankruptcy court's findings and analysis regarding Hall's motion to file a late adminstrative expense claim

- 11 -

were correct; there was no excusable neglect.  The court did not abuse its discretion in refusing to allow a late-filed claim.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's order of August 11, 2004, denying the motion of Dana Hall seeking leave to file a late administrative expense claim is affirmed.


DATE:    August 25, 2005


ENTER:  _____

John F. Grady, United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DANA HALL,                          )
                                    )
        Appellant,                  )
                                    )
        v.                          )        No. 04 C 6240
                                    )
KMART CORPORATION,                  )
                                    )
        Appellee.                   )


**MEMORANDUM OPINION**

This case is before us on appeal from Bankruptcy Judge Sonderby's order of August 11, 2004, which denied Dana Hall's motion to file a late administrative expense claim in the bankruptcy reorganization of Kmart Corporation ("Kmart"). For the reasons explained below, the bankruptcy court's order is affirmed.

**BACKGROUND**

On January 22, 2002, appellee Kmart filed a voluntary petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code. On May 22, 2002, appellant Dana Hall was shopping at a San Diego Kmart store and allegedly suffered severe injury to her left foot when a pile of paint cans fell on it. Hall's counsel, Norton & Norton LLP (the "Norton Firm"), notified Kmart in August 2002 that it was representing Hall in connection with the incident. On May 9, 2003, Hall filed a personal injury suit against Kmart in California state court.

The deadline for filing administrative claims in the Kmart bankruptcy proceeding (the "bar date") was June 20, 2003. On May 9, 2003, Kmart mailed a notice to the Norton Firm informing Hall of the bar date. The notice was mailed to the correct address for the Norton Firm, but it omitted the ZIP Code. On May 19, 2003, Kmart mailed a second copy of the notice to Hall's counsel at the same address, along with a blank proof of administrative expense claim form. Neither of the mailings were returned to Kmart as "undeliverable." The Norton Firm, however, denies receiving either mailing.

On June 10, 2003, Alexandra Wilcox, Kmart's personal injury defense counsel, called Marshall Rosenbach, Hall's counsel at the Norton Firm, and left a voice-mail message regarding the personal injury action, the Kmart bankruptcy, and the filing of documents with the bankruptcy court. Whether Wilcox and Rosenbach had a conversation that day concerning the bar date is in dispute, as described <u>infra</u> in our discussion. Rosenbach faxed Wilson a letter at 5:15 p.m. that same day, the pertinent content of which is also set forth <u>infra</u>.

After June 10, the parties proceeded with the personal injury action and ultimately transferred venue to San Diego. On August 26, 2003, Rosenbach received a letter from Wilcox advising him that Hall's claim was time-barred. The letter also stated: "On June 10, 2003, while we were discussing the transfer of this case from Los

Angeles to San Diego, we called to remind you to file the administrative expense claim form." The Norton Firm claims that this was their first notification of the bar date. According to Wilcox, she advised Rosenbach in early September 2003 that he should consult Kmart's bankruptcy counsel to proceed with the matter in bankruptcy court.

Some months later, on December 22, 2003, the Norton Firm filed a "Motion of Claimant Dana Hall Seeking Authority to File Late Administrative Expense Claim." On March 10, 2004, the bankruptcy court heard oral argument and testimony on Hall's motion and reserved ruling. On August 11, 2004, the bankruptcy court entered a memorandum opinion and a separate order denying Hall's motion. Hall now appeals.

## DISCUSSION

The bankruptcy court's refusal to allow Hall to file a late administrative expense claim is reviewed for an abuse of discretion. See In re Kmart Corp., 381 F.3d 709, 712 (7th Cir. 2004). "In general terms, a court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." Id. at 713. We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. See In re Smith, 286 F.3d 461, 464-65 (7th Cir. 2002); Fed. R. Bankr. P. 8013. "[D]ue regard

shall be given to the opportunity of the bankruptcy court to judge
the credibility of the witnesses."  Fed. R. Bankr. P. 8013.

We begin with the applicable general principles.  "[J]ustice
does not <u>require</u> amendment, and indeed rarely <u>permits</u> amendment,
once the last date for filing claims has passed.  'Late-filed
claims, especially in the bankruptcy context, disrupt orderly
discharge and should generally be barred.'"  <u>In re Plunkett</u>, 82
F.3d 738, 741 (7th Cir. 1996) (quoting <u>In re Unroe</u>, 937 F.2d 346,
351 (7th Cir. 1991)).

Under Federal Rule of Bankruptcy Procedure 9006(b), a
bankruptcy court may, in its discretion, allow a late-filed proof
of claim if the late filing was the result of "excusable neglect."
<u>See</u> <u>Kmart</u>, 381 F.3d at 713.  There are four general factors to
guide the court's excusable neglect analysis: the danger of
prejudice to the debtor; the length of the delay and its potential
impact on judicial proceedings; the reason for the delay, including
whether it was within the reasonable control of the movant; and the
good faith of the movant.  <u>See</u> <u>id.</u> (citing <u>Pioneer Inv. Servs. Co.
v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993)).  "One
ancillary rule is that inattentiveness to the litigation is not
excusable."  <u>Plunkett</u>, 82 F.3d at 742.

Judge Sonderby's detailed analysis focused primarily on the
reason for the delay--the purported lack of notice--and the length
of the delay.  The bankruptcy court held that, even assuming that

Hall otherwise acted in good faith and that Kmart would not be prejudiced, Hall's counsel's neglect was not excusable. Hall argues that the bankruptcy court abused its discretion by: (1) finding that the presumption of receipt of the notices had not been rebutted; (2) finding that appellant had received notice of the bar date on June 10, 2003; (3) allowing the telephonic testimony of Wilcox and in "giving greater weight and credibility" to her testimony; (4) holding that 10 days' notice was sufficient; and (5) finding that there was delay in filing the motion. Hall also contends that Kmart should have been estopped from opposing Hall's motion because Kmart "vigorously litigated" the underlying state court action. We will examine each argument in turn.

Mail that is properly addressed, stamped, and deposited in the mail system is presumed to have reached its destination in the usual time and to have been received by the party to whom it was addressed, see <u>Hagner v. United States</u>, 285 U.S. 427, 430 (1932). The bankruptcy court correctly noted that the presumption arises even if a ZIP Code has been omitted from the otherwise correct address, see <u>In re Longardner & Assocs., Inc.</u>, 855 F.2d 455, 460 (7th Cir. 1988). Such an omission weakens the presumption, but the presumption is strengthened again where a mailing is never returned as "undeliverable." <u>See</u> <u>id.</u> at 460. Moreover, a simple denial of receipt does not rebut the presumption, but merely creates a question of fact. <u>See</u> <u>id.</u> at 459.

The bankruptcy court considered the affidavit of Kmart's noticing agent, who stated that notices were mailed to the Norton Firm on May 9 and May 19, 2003 and that neither mailing was returned as "undeliverable." The court also considered the affidavit and testimony of Hall's counsel, Rosenbach, and the telephonic testimony of Kmart's counsel, Wilcox. According to Rosenbach, the Norton Firm did not receive either of the bar date notices that were mailed by Kmart in May 2003. Rosenbach conceded that Wilcox left him a voice-mail message on June 10, 2003, regarding an unspecified filing in relation to Kmart's bankruptcy, but stated that he never had a discussion with Wilcox that day concerning the bar date.

Wilcox, on the other hand, testified that she spoke with Rosenbach the afternoon of June 10 and discussed the bankruptcy filing with him, as well as the administrative expense claim form. She recalled that Rosenbach had asked her what the form looked like and that she responded that she was not bankruptcy counsel so she did not know, but that he should "make sure" to look for it. According to Wilcox, Rosenbach stated that his boss, Todd Norton, might have it on his desk somewhere.

Rosenbach contended (and Hall contends on appeal) that his June 10 fax at 5:15 pm to Wilcox corroborated his argument that the notices had not been received because he would not have sent it if he had known about the bar date. The fax stated in pertinent part:

"This letter confirms our conversation of earlier today regarding changing venue to San Diego. . . . I also received your voice mail this afternoon regarding an additional filing that we had to file in light of KMart's bankruptcy filing." (Appellee's Br., Ex. F.) Wilcox testified that she did not respond to the fax because she had assumed it was written prior to their conversation but not faxed until afterward.

The bankruptcy court observed that although Rosenbach claimed that the June 10 discussion with Wilcox never took place, Hall's motion curiously contained the following inconsistent statements: "This Motion . . . is based upon the grounds that HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; ". . . HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; and "HALL was not notified of the administrative expense bar date until ten (10) days prior to the expiration thereof." (Appellee's Br., Ex. B, Motion Seeking Authority to File Late Administrative Expense Claim at 2, 6, 8.) When the court asked Rosenbach about the inconsistency between these statements and his contention that the June 10 conversation never took place, Rosenbach responded that the statements in the motion were "really an alternative argument." (Appellee's Br., Ex. E, Tr. at 15.)

The bankruptcy court concluded that Rosenbach's simple denial of receipt did not rebut the presumption that the notices had been received. Regarding the June 10 fax, the court stated: "The letter does not . . . provide . . . corroboration [that the Notices had not been received]; it merely indicates that Rosenbach (when he wrote the letter) was unaware of the Notice. Indeed, when Rosenbach spoke to Wilcox, he acknowledged that his boss, Todd, might have it 'on his desk somewhere.' . . . Rosenbach may even have seen the Notice, but ignored it, thinking that it did not apply to Hall's claim." (Memorandum Opinion at 7-8.) We find no error in the bankruptcy court's conclusion, and Hall simply gives us no reason why we should do so.

The bankruptcy court could have stopped there and relied on the presumption of notice,[1] but it also found that Rosenbach himself was specifically advised by Wilcox on June 10, 2003 that the administrative expense claim form had to be filed by June 20, 2003. In the court's view, ten days were "more than sufficient" to allow the Norton form to timely file the claim form. The court found Wilcox's testimony persuasive, as well as the admissions in Hall's motion that notice had been received on June 10, which according to the court were "not adequately explained as an 'alternative argument.'" (Memorandum Opinion at 8.)

---

[1] We could stop here as well, but we find no error in the bankruptcy court's alternative holding either, as set forth _infra_.

Again, we discern no error in the bankruptcy court's conclusion. Wilcox testified that on June 10, she discussed with Rosenberg "the bankruptcy filing and AEC [administrative expense claim] form and date." (Appellee's Br., Ex. E, Tr. at 24-25.) Hall argues that the court's finding was erroneous because Wilcox's shorthand notes of certain conversations with Rosenberg did not mention that she had "given oral notice of the bar date." We are unpersuaded. Wilcox's notes were shorthand and incomplete, and she was able to indpendently recall many of the details of her conversation(s) with Rosenberg. The bankruptcy court, often asking questions herself, heard detailed testimony from Wilcox and Rosenberg. The court determined that Wilcox was credible, and Hall offers us no reason to believe otherwise.

We also reject Hall's argument that the bankruptcy court should not have allowed Wilcox, who was out of state, to testify by telephone. Hall's counsel did not object to the telephonic testimony at the hearing, and the argument therefore has been waived. Hall also failed to raise before the bankruptcy court the argument that Kmart is estopped from opposing Hall's motion; thus, it has been waived as well.

Hall's final argument is that ten days' notice of the bar date (from the June 10 conversation to the June 20, 2003 bar date) was insufficient because she was entitled to twenty days under Federal Rule of Bankruptcy Procedure 2002. Rule 2002, however,

prescribes a twenty-day notice for <u>mailing</u>, among other things, notice of the time for filing proofs of claims. The Rule does not apply to oral notice, and Hall does not cite any authority for extending it to the instant situation. In any event, the bankruptcy court's holding regarding notice on June 10 was an alternative holding. Its primary holding, which was not erroneous, was that Hall's counsel failed to rebut the presumption that it had received the notices that were mailed in May 2003, which was more than twenty days before the bar date.

After weighing all the evidence, the bankruptcy court found that Hall had failed to rebut the presumption that she received (through counsel) the two notices of the bar date mailed in May 2003, as well as oral notice in June 2003. The motion to file a late claim was not filed until December 22, 2003, over six months after the June 10 conversation. The court found Hall's counsel's reasons for the delay--he had made numerous unsuccessful attempts to contact Kmart's bankruptcy counsel and had spent "several weeks" researching the underlying issues--to be inadequate explanations. We find no error in this conclusion. Six months is a lengthy delay, and neither consultation with Kmart's counsel nor extensive research was necessary for Hall's counsel to file a motion seeking leave to file a late proof of claim.

We believe that the bankruptcy court's findings and analysis regarding Hall's motion to file a late adminstrative expense claim

were correct; there was no excusable neglect.  The court did not abuse its discretion in refusing to allow a late-filed claim.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's order of August 11, 2004, denying the motion of Dana Hall seeking leave to file a late administrative expense claim is affirmed.


DATE:     August 25, 2005


ENTER:  _____

John F. Grady, United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DANA HALL,                              )
                                        )
            Appellant,                  )
                                        )
        v.                              )        No. 04 C 6240
                                        )
KMART CORPORATION,                      )
                                        )
            Appellee.                   )


                    <u>**MEMORANDUM OPINION**</u>

        This case is before us on appeal from Bankruptcy Judge
Sonderby's order of August 11, 2004, which denied Dana Hall's
motion to file a late administrative expense claim in the
bankruptcy reorganization of Kmart Corporation ("Kmart").  For the
reasons explained below, the bankruptcy court's order is affirmed.

                         <u>**BACKGROUND**</u>

        On January 22, 2002, appellee Kmart filed a voluntary petition
for reorganization pursuant to Chapter 11 of the United States
Bankruptcy Code.  On May 22, 2002, appellant Dana Hall was shopping
at a San Diego Kmart store and allegedly suffered severe injury to
her left foot when a pile of paint cans fell on it.  Hall's
counsel, Norton & Norton LLP (the "Norton Firm"), notified Kmart in
August 2002 that it was representing Hall in connection with the
incident.  On May 9, 2003, Hall filed a personal injury suit
against Kmart in California state court.

The deadline for filing administrative claims in the Kmart bankruptcy proceeding (the "bar date") was June 20, 2003. On May 9, 2003, Kmart mailed a notice to the Norton Firm informing Hall of the bar date. The notice was mailed to the correct address for the Norton Firm, but it omitted the ZIP Code. On May 19, 2003, Kmart mailed a second copy of the notice to Hall's counsel at the same address, along with a blank proof of administrative expense claim form. Neither of the mailings were returned to Kmart as "undeliverable." The Norton Firm, however, denies receiving either mailing.

On June 10, 2003, Alexandra Wilcox, Kmart's personal injury defense counsel, called Marshall Rosenbach, Hall's counsel at the Norton Firm, and left a voice-mail message regarding the personal injury action, the Kmart bankruptcy, and the filing of documents with the bankruptcy court. Whether Wilcox and Rosenbach had a conversation that day concerning the bar date is in dispute, as described <u>infra</u> in our discussion. Rosenbach faxed Wilson a letter at 5:15 p.m. that same day, the pertinent content of which is also set forth <u>infra</u>.

After June 10, the parties proceeded with the personal injury action and ultimately transferred venue to San Diego. On August 26, 2003, Rosenbach received a letter from Wilcox advising him that Hall's claim was time-barred. The letter also stated: "On June 10, 2003, while we were discussing the transfer of this case from Los

Angeles to San Diego, we called to remind you to file the administrative expense claim form." The Norton Firm claims that this was their first notification of the bar date. According to Wilcox, she advised Rosenbach in early September 2003 that he should consult Kmart's bankruptcy counsel to proceed with the matter in bankruptcy court.

Some months later, on December 22, 2003, the Norton Firm filed a "Motion of Claimant Dana Hall Seeking Authority to File Late Administrative Expense Claim." On March 10, 2004, the bankruptcy court heard oral argument and testimony on Hall's motion and reserved ruling. On August 11, 2004, the bankruptcy court entered a memorandum opinion and a separate order denying Hall's motion. Hall now appeals.

## DISCUSSION

The bankruptcy court's refusal to allow Hall to file a late administrative expense claim is reviewed for an abuse of discretion. See In re Kmart Corp., 381 F.3d 709, 712 (7th Cir. 2004). "In general terms, a court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." Id. at 713. We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. See In re Smith, 286 F.3d 461, 464-65 (7th Cir. 2002); Fed. R. Bankr. P. 8013. "[D]ue regard

shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."  Fed. R. Bankr. P. 8013.

We begin with the applicable general principles.  "[J]ustice does not require amendment, and indeed rarely permits amendment, once the last date for filing claims has passed.  'Late-filed claims, especially in the bankruptcy context, disrupt orderly discharge and should generally be barred.'"  In re Plunkett, 82 F.3d 738, 741 (7th Cir. 1996) (quoting In re Unroe, 937 F.2d 346, 351 (7th Cir. 1991)).

Under Federal Rule of Bankruptcy Procedure 9006(b), a bankruptcy court may, in its discretion, allow a late-filed proof of claim if the late filing was the result of "excusable neglect."  See Kmart, 381 F.3d at 713.  There are four general factors to guide the court's excusable neglect analysis:  the danger of prejudice to the debtor; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and the good faith of the movant.  See id. (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).  "One ancillary rule is that inattentiveness to the litigation is not excusable."  Plunkett, 82 F.3d at 742.

Judge Sonderby's detailed analysis focused primarily on the reason for the delay--the purported lack of notice--and the length of the delay.  The bankruptcy court held that, even assuming that

Hall otherwise acted in good faith and that Kmart would not be prejudiced, Hall's counsel's neglect was not excusable. Hall argues that the bankruptcy court abused its discretion by: (1) finding that the presumption of receipt of the notices had not been rebutted; (2) finding that appellant had received notice of the bar date on June 10, 2003; (3) allowing the telephonic testimony of Wilcox and in "giving greater weight and credibility" to her testimony; (4) holding that 10 days' notice was sufficient; and (5) finding that there was delay in filing the motion. Hall also contends that Kmart should have been estopped from opposing Hall's motion because Kmart "vigorously litigated" the underlying state court action. We will examine each argument in turn.

Mail that is properly addressed, stamped, and deposited in the mail system is presumed to have reached its destination in the usual time and to have been received by the party to whom it was addressed, see Hagner v. United States, 285 U.S. 427, 430 (1932). The bankruptcy court correctly noted that the presumption arises even if a ZIP Code has been omitted from the otherwise correct address, see In re Longardner & Assocs., Inc., 855 F.2d 455, 460 (7th Cir. 1988). Such an omission weakens the presumption, but the presumption is strengthened again where a mailing is never returned as "undeliverable." See id. at 460. Moreover, a simple denial of receipt does not rebut the presumption, but merely creates a question of fact. See id. at 459.

The bankruptcy court considered the affidavit of Kmart's noticing agent, who stated that notices were mailed to the Norton Firm on May 9 and May 19, 2003 and that neither mailing was returned as "undeliverable." The court also considered the affidavit and testimony of Hall's counsel, Rosenbach, and the telephonic testimony of Kmart's counsel, Wilcox. According to Rosenbach, the Norton Firm did not receive either of the bar date notices that were mailed by Kmart in May 2003. Rosenbach conceded that Wilcox left him a voice-mail message on June 10, 2003, regarding an unspecified filing in relation to Kmart's bankruptcy, but stated that he never had a discussion with Wilcox that day concerning the bar date.

Wilcox, on the other hand, testified that she spoke with Rosenbach the afternoon of June 10 and discussed the bankruptcy filing with him, as well as the administrative expense claim form. She recalled that Rosenbach had asked her what the form looked like and that she responded that she was not bankruptcy counsel so she did not know, but that he should "make sure" to look for it. According to Wilcox, Rosenbach stated that his boss, Todd Norton, might have it on his desk somewhere.

Rosenbach contended (and Hall contends on appeal) that his June 10 fax at 5:15 pm to Wilcox corroborated his argument that the notices had not been received because he would not have sent it if he had known about the bar date. The fax stated in pertinent part:

"This letter confirms our conversation of earlier today regarding changing venue to San Diego. . . . I also received your voice mail this afternoon regarding an additional filing that we had to file in light of KMart's bankruptcy filing." (Appellee's Br., Ex. F.) Wilcox testified that she did not respond to the fax because she had assumed it was written prior to their conversation but not faxed until afterward.

The bankruptcy court observed that although Rosenbach claimed that the June 10 discussion with Wilcox never took place, Hall's motion curiously contained the following inconsistent statements: "This Motion . . . is based upon the grounds that HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; ". . . HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; and "HALL was not notified of the administrative expense bar date until ten (10) days prior to the expiration thereof." (Appellee's Br., Ex. B, Motion Seeking Authority to File Late Administrative Expense Claim at 2, 6, 8.) When the court asked Rosenbach about the inconsistency between these statements and his contention that the June 10 conversation never took place, Rosenbach responded that the statements in the motion were "really an alternative argument." (Appellee's Br., Ex. E, Tr. at 15.)

The bankruptcy court concluded that Rosenbach's simple denial of receipt did not rebut the presumption that the notices had been received. Regarding the June 10 fax, the court stated: "The letter does not . . . provide . . . corroboration [that the Notices had not been received]; it merely indicates that Rosenbach (when he wrote the letter) was unaware of the Notice. Indeed, when Rosenbach spoke to Wilcox, he acknowledged that his boss, Todd, might have it 'on his desk somewhere.' . . . Rosenbach may even have seen the Notice, but ignored it, thinking that it did not apply to Hall's claim." (Memorandum Opinion at 7-8.) We find no error in the bankruptcy court's conclusion, and Hall simply gives us no reason why we should do so.

The bankruptcy court could have stopped there and relied on the presumption of notice,[1] but it also found that Rosenbach himself was specifically advised by Wilcox on June 10, 2003 that the administrative expense claim form had to be filed by June 20, 2003. In the court's view, ten days were "more than sufficient" to allow the Norton form to timely file the claim form. The court found Wilcox's testimony persuasive, as well as the admissions in Hall's motion that notice had been received on June 10, which according to the court were "not adequately explained as an 'alternative argument.'" (Memorandum Opinion at 8.)

---

[1]/ We could stop here as well, but we find no error in the bankruptcy court's alternative holding either, as set forth _infra_.

Again, we discern no error in the bankruptcy court's conclusion. Wilcox testified that on June 10, she discussed with Rosenberg "the bankruptcy filing and AEC [administrative expense claim] form and date." (Appellee's Br., Ex. E, Tr. at 24-25.) Hall argues that the court's finding was erroneous because Wilcox's shorthand notes of certain conversations with Rosenberg did not mention that she had "given oral notice of the bar date." We are unpersuaded. Wilcox's notes were shorthand and incomplete, and she was able to indpendently recall many of the details of her conversation(s) with Rosenberg. The bankruptcy court, often asking questions herself, heard detailed testimony from Wilcox and Rosenberg. The court determined that Wilcox was credible, and Hall offers us no reason to believe otherwise.

We also reject Hall's argument that the bankruptcy court should not have allowed Wilcox, who was out of state, to testify by telephone. Hall's counsel did not object to the telephonic testimony at the hearing, and the argument therefore has been waived. Hall also failed to raise before the bankruptcy court the argument that Kmart is estopped from opposing Hall's motion; thus, it has been waived as well.

Hall's final argument is that ten days' notice of the bar date (from the June 10 conversation to the June 20, 2003 bar date) was insufficient because she was entitled to twenty days under Federal Rule of Bankruptcy Procedure 2002. Rule 2002, however,

prescribes a twenty-day notice for <u>mailing</u>, among other things, notice of the time for filing proofs of claims. The Rule does not apply to oral notice, and Hall does not cite any authority for extending it to the instant situation. In any event, the bankruptcy court's holding regarding notice on June 10 was an alternative holding. Its primary holding, which was not erroneous, was that Hall's counsel failed to rebut the presumption that it had received the notices that were mailed in May 2003, which was more than twenty days before the bar date.

After weighing all the evidence, the bankruptcy court found that Hall had failed to rebut the presumption that she received (through counsel) the two notices of the bar date mailed in May 2003, as well as oral notice in June 2003. The motion to file a late claim was not filed until December 22, 2003, over six months after the June 10 conversation. The court found Hall's counsel's reasons for the delay--he had made numerous unsuccessful attempts to contact Kmart's bankruptcy counsel and had spent "several weeks" researching the underlying issues--to be inadequate explanations. We find no error in this conclusion. Six months is a lengthy delay, and neither consultation with Kmart's counsel nor extensive research was necessary for Hall's counsel to file a motion seeking leave to file a late proof of claim.

We believe that the bankruptcy court's findings and analysis regarding Hall's motion to file a late adminstrative expense claim

were correct; there was no excusable neglect.  The court did not abuse its discretion in refusing to allow a late-filed claim.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's order of August 11, 2004, denying the motion of Dana Hall seeking leave to file a late administrative expense claim is affirmed.


DATE:     August 25, 2005


ENTER:    _____

John F. Grady, United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DANA HALL,                          )
                                    )
            Appellant,              )
                                    )
        v.                          )        No. 04 C 6240
                                    )
KMART CORPORATION,                  )
                                    )
            Appellee.               )

**MEMORANDUM OPINION**

This case is before us on appeal from Bankruptcy Judge Sonderby's order of August 11, 2004, which denied Dana Hall's motion to file a late administrative expense claim in the bankruptcy reorganization of Kmart Corporation ("Kmart"). For the reasons explained below, the bankruptcy court's order is affirmed.

**BACKGROUND**

On January 22, 2002, appellee Kmart filed a voluntary petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code. On May 22, 2002, appellant Dana Hall was shopping at a San Diego Kmart store and allegedly suffered severe injury to her left foot when a pile of paint cans fell on it. Hall's counsel, Norton & Norton LLP (the "Norton Firm"), notified Kmart in August 2002 that it was representing Hall in connection with the incident. On May 9, 2003, Hall filed a personal injury suit against Kmart in California state court.

The deadline for filing administrative claims in the Kmart bankruptcy proceeding (the "bar date") was June 20, 2003. On May 9, 2003, Kmart mailed a notice to the Norton Firm informing Hall of the bar date. The notice was mailed to the correct address for the Norton Firm, but it omitted the ZIP Code. On May 19, 2003, Kmart mailed a second copy of the notice to Hall's counsel at the same address, along with a blank proof of administrative expense claim form. Neither of the mailings were returned to Kmart as "undeliverable." The Norton Firm, however, denies receiving either mailing.

On June 10, 2003, Alexandra Wilcox, Kmart's personal injury defense counsel, called Marshall Rosenbach, Hall's counsel at the Norton Firm, and left a voice-mail message regarding the personal injury action, the Kmart bankruptcy, and the filing of documents with the bankruptcy court. Whether Wilcox and Rosenbach had a conversation that day concerning the bar date is in dispute, as described <u>infra</u> in our discussion. Rosenbach faxed Wilson a letter at 5:15 p.m. that same day, the pertinent content of which is also set forth <u>infra</u>.

After June 10, the parties proceeded with the personal injury action and ultimately transferred venue to San Diego. On August 26, 2003, Rosenbach received a letter from Wilcox advising him that Hall's claim was time-barred. The letter also stated: "On June 10, 2003, while we were discussing the transfer of this case from Los

Angeles to San Diego, we called to remind you to file the administrative expense claim form." The Norton Firm claims that this was their first notification of the bar date. According to Wilcox, she advised Rosenbach in early September 2003 that he should consult Kmart's bankruptcy counsel to proceed with the matter in bankruptcy court.

Some months later, on December 22, 2003, the Norton Firm filed a "Motion of Claimant Dana Hall Seeking Authority to File Late Administrative Expense Claim." On March 10, 2004, the bankruptcy court heard oral argument and testimony on Hall's motion and reserved ruling. On August 11, 2004, the bankruptcy court entered a memorandum opinion and a separate order denying Hall's motion. Hall now appeals.

## DISCUSSION

The bankruptcy court's refusal to allow Hall to file a late administrative expense claim is reviewed for an abuse of discretion. See In re Kmart Corp., 381 F.3d 709, 712 (7th Cir. 2004). "In general terms, a court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." Id. at 713. We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. See In re Smith, 286 F.3d 461, 464-65 (7th Cir. 2002); Fed. R. Bankr. P. 8013. "[D]ue regard

shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."  Fed. R. Bankr. P. 8013.

We begin with the applicable general principles.  "[J]ustice does not <u>require</u> amendment, and indeed rarely <u>permits</u> amendment, once the last date for filing claims has passed.  'Late-filed claims, especially in the bankruptcy context, disrupt orderly discharge and should generally be barred.'"  <u>In re Plunkett</u>, 82 F.3d 738, 741 (7th Cir. 1996) (quoting <u>In re Unroe</u>, 937 F.2d 346, 351 (7th Cir. 1991)).

Under Federal Rule of Bankruptcy Procedure 9006(b), a bankruptcy court may, in its discretion, allow a late-filed proof of claim if the late filing was the result of "excusable neglect."  <u>See</u> <u>Kmart</u>, 381 F.3d at 713.  There are four general factors to guide the court's excusable neglect analysis:  the danger of prejudice to the debtor; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and the good faith of the movant.  <u>See</u> <u>id.</u> (citing <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993)).  "One ancillary rule is that inattentiveness to the litigation is not excusable."  <u>Plunkett</u>, 82 F.3d at 742.

Judge Sonderby's detailed analysis focused primarily on the reason for the delay--the purported lack of notice--and the length of the delay.  The bankruptcy court held that, even assuming that

Hall otherwise acted in good faith and that Kmart would not be prejudiced, Hall's counsel's neglect was not excusable. Hall argues that the bankruptcy court abused its discretion by: (1) finding that the presumption of receipt of the notices had not been rebutted; (2) finding that appellant had received notice of the bar date on June 10, 2003; (3) allowing the telephonic testimony of Wilcox and in "giving greater weight and credibility" to her testimony; (4) holding that 10 days' notice was sufficient; and (5) finding that there was delay in filing the motion. Hall also contends that Kmart should have been estopped from opposing Hall's motion because Kmart "vigorously litigated" the underlying state court action. We will examine each argument in turn.

Mail that is properly addressed, stamped, and deposited in the mail system is presumed to have reached its destination in the usual time and to have been received by the party to whom it was addressed, see <u>Hagner v. United States</u>, 285 U.S. 427, 430 (1932). The bankruptcy court correctly noted that the presumption arises even if a ZIP Code has been omitted from the otherwise correct address, see <u>In re Longardner & Assocs., Inc.</u>, 855 F.2d 455, 460 (7th Cir. 1988). Such an omission weakens the presumption, but the presumption is strengthened again where a mailing is never returned as "undeliverable." <u>See</u> <u>id.</u> at 460. Moreover, a simple denial of receipt does not rebut the presumption, but merely creates a question of fact. <u>See</u> <u>id.</u> at 459.

The bankruptcy court considered the affidavit of Kmart's noticing agent, who stated that notices were mailed to the Norton Firm on May 9 and May 19, 2003 and that neither mailing was returned as "undeliverable." The court also considered the affidavit and testimony of Hall's counsel, Rosenbach, and the telephonic testimony of Kmart's counsel, Wilcox. According to Rosenbach, the Norton Firm did not receive either of the bar date notices that were mailed by Kmart in May 2003. Rosenbach conceded that Wilcox left him a voice-mail message on June 10, 2003, regarding an unspecified filing in relation to Kmart's bankruptcy, but stated that he never had a discussion with Wilcox that day concerning the bar date.

Wilcox, on the other hand, testified that she spoke with Rosenbach the afternoon of June 10 and discussed the bankruptcy filing with him, as well as the administrative expense claim form. She recalled that Rosenbach had asked her what the form looked like and that she responded that she was not bankruptcy counsel so she did not know, but that he should "make sure" to look for it. According to Wilcox, Rosenbach stated that his boss, Todd Norton, might have it on his desk somewhere.

Rosenbach contended (and Hall contends on appeal) that his June 10 fax at 5:15 pm to Wilcox corroborated his argument that the notices had not been received because he would not have sent it if he had known about the bar date. The fax stated in pertinent part:

"This letter confirms our conversation of earlier today regarding changing venue to San Diego. . . . I also received your voice mail this afternoon regarding an additional filing that we had to file in light of KMart's bankruptcy filing." (Appellee's Br., Ex. F.) Wilcox testified that she did not respond to the fax because she had assumed it was written prior to their conversation but not faxed until afterward.

The bankruptcy court observed that although Rosenbach claimed that the June 10 discussion with Wilcox never took place, Hall's motion curiously contained the following inconsistent statements: "This Motion . . . is based upon the grounds that HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; ". . . HALL's administrative expense claim was not timely filed because her counsel did not receive notice of the bar date until June 10, 2003"; and "HALL was not notified of the administrative expense bar date until ten (10) days prior to the expiration thereof." (Appellee's Br., Ex. B, Motion Seeking Authority to File Late Administrative Expense Claim at 2, 6, 8.) When the court asked Rosenbach about the inconsistency between these statements and his contention that the June 10 conversation never took place, Rosenbach responded that the statements in the motion were "really an alternative argument." (Appellee's Br., Ex. E, Tr. at 15.)

The bankruptcy court concluded that Rosenbach's simple denial of receipt did not rebut the presumption that the notices had been received. Regarding the June 10 fax, the court stated: "The letter does not . . . provide . . . corroboration [that the Notices had not been received]; it merely indicates that Rosenbach (when he wrote the letter) was unaware of the Notice. Indeed, when Rosenbach spoke to Wilcox, he acknowledged that his boss, Todd, might have it 'on his desk somewhere.' . . . Rosenbach may even have seen the Notice, but ignored it, thinking that it did not apply to Hall's claim." (Memorandum Opinion at 7-8.) We find no error in the bankruptcy court's conclusion, and Hall simply gives us no reason why we should do so.

The bankruptcy court could have stopped there and relied on the presumption of notice,[1] but it also found that Rosenbach himself was specifically advised by Wilcox on June 10, 2003 that the administrative expense claim form had to be filed by June 20, 2003. In the court's view, ten days were "more than sufficient" to allow the Norton form to timely file the claim form. The court found Wilcox's testimony persuasive, as well as the admissions in Hall's motion that notice had been received on June 10, which according to the court were "not adequately explained as an 'alternative argument.'" (Memorandum Opinion at 8.)

---

[1] We could stop here as well, but we find no error in the bankruptcy court's alternative holding either, as set forth _infra_.

Again, we discern no error in the bankruptcy court's conclusion. Wilcox testified that on June 10, she discussed with Rosenberg "the bankruptcy filing and AEC [administrative expense claim] form and date." (Appellee's Br., Ex. E, Tr. at 24-25.) Hall argues that the court's finding was erroneous because Wilcox's shorthand notes of certain conversations with Rosenberg did not mention that she had "given oral notice of the bar date." We are unpersuaded. Wilcox's notes were shorthand and incomplete, and she was able to indpendently recall many of the details of her conversation(s) with Rosenberg. The bankruptcy court, often asking questions herself, heard detailed testimony from Wilcox and Rosenberg. The court determined that Wilcox was credible, and Hall offers us no reason to believe otherwise.

We also reject Hall's argument that the bankruptcy court should not have allowed Wilcox, who was out of state, to testify by telephone. Hall's counsel did not object to the telephonic testimony at the hearing, and the argument therefore has been waived. Hall also failed to raise before the bankruptcy court the argument that Kmart is estopped from opposing Hall's motion; thus, it has been waived as well.

Hall's final argument is that ten days' notice of the bar date (from the June 10 conversation to the June 20, 2003 bar date) was insufficient because she was entitled to twenty days under Federal Rule of Bankruptcy Procedure 2002. Rule 2002, however,

prescribes a twenty-day notice for <u>mailing</u>, among other things, notice of the time for filing proofs of claims. The Rule does not apply to oral notice, and Hall does not cite any authority for extending it to the instant situation. In any event, the bankruptcy court's holding regarding notice on June 10 was an alternative holding. Its primary holding, which was not erroneous, was that Hall's counsel failed to rebut the presumption that it had received the notices that were mailed in May 2003, which was more than twenty days before the bar date.

After weighing all the evidence, the bankruptcy court found that Hall had failed to rebut the presumption that she received (through counsel) the two notices of the bar date mailed in May 2003, as well as oral notice in June 2003. The motion to file a late claim was not filed until December 22, 2003, over six months after the June 10 conversation. The court found Hall's counsel's reasons for the delay--he had made numerous unsuccessful attempts to contact Kmart's bankruptcy counsel and had spent "several weeks" researching the underlying issues--to be inadequate explanations. We find no error in this conclusion. Six months is a lengthy delay, and neither consultation with Kmart's counsel nor extensive research was necessary for Hall's counsel to file a motion seeking leave to file a late proof of claim.

We believe that the bankruptcy court's findings and analysis regarding Hall's motion to file a late adminstrative expense claim

were correct; there was no excusable neglect.  The court did not abuse its discretion in refusing to allow a late-filed claim.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's order of August 11, 2004, denying the motion of Dana Hall seeking leave to file a late administrative expense claim is affirmed.


DATE:      August 25, 2005



ENTER:     _____

John F. Grady, United States District Judge